TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN


 




NO. 03-98-00406-CV






Texas Department of Public Safety, Appellant



v.



Humaira Zhao, Appellee







FROM THE COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY


NO. 238,825, HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING







 Appellant, the Texas Department of Public Safety (the "Department"), appeals from
a final judgment of the county court at law reversing a decision of an administrative law judge
("ALJ"), which suspended appellee Humaira Zhao's driving privileges. (1) The Department
contends that the reviewing court erred in concluding that the ALJ improperly admitted evidence
at the administrative hearing conducted after Zhao refused to submit a breath specimen, and
therefore the reviewing court should not have reversed the ALJ's decision. We will reverse the
judgment of the reviewing court and render judgment reinstating the administrative order
authorizing the Department to suspend Zhao's driving privileges.


BACKGROUND

 On October 6, 1997, shortly after 3:00 o'clock a.m., Zhao was arrested for driving
while intoxicated. An officer of the Manor Police Department stopped Zhao after observing that
she was unable to maintain a single marked lane while driving. (2) The officer testified that he
smelled the odor of alcohol and that Zhao appeared flustered and slurred her speech. Zhao
admitted to the officer that she had been drinking. She stumbled and appeared to have difficulty
walking. Based on these observations and Zhao's poor performance on several field sobriety tests,
the officer arrested Zhao. At the police station, Zhao refused to give a breath specimen. As a
result, Zhao's driver's license was subject to automatic suspension. (3) She signed a driving while
intoxicated statutory warning acknowledging her refusal to give such a specimen and stating that
she understood the consequences of her refusal. (4) Zhao requested a hearing to contest the
suspension of her license. (5) Prior to the hearing, Zhao requested production of all documents that
the Department intended to introduce at the hearing. The Department received this request on
Wednesday, October 29, 1997, and responded on Friday, October 31 that it had no documents in
its possession. The Department received the DIC-24 the next Monday, November 3, and
produced it to Zhao on Wednesday, November 5. The hearing was held on December 9.

 The Department proffered the DIC-24 at the hearing. Zhao objected to the
admission of this evidence, claiming that she did not receive the document within five days of her
request for production. See 1 Tex. Admin. Code § 159.13(1) (1998). However, the ALJ admitted
the DIC-24 over Zhao's objection. Based on the DIC-24 and the testimony of the arresting
officer, the ALJ authorized the suspension of Zhao's driving privileges for ninety days. Zhao
requested review. After finding that the ALJ improperly admitted the DIC-24 into evidence, the
reviewing court reversed the suspension.

 The Department appeals the decision of the reviewing court, asserting: (1) the
court improperly substituted his own interpretation of the five-day requirement for production of
documents to be used at an administrative hearing, and (2) the ALJ's decision on the admissibility
of evidence was not an abuse of discretion and did not prejudice the substantial rights of Zhao.


DISCUSSION

 The Department's challenge to the reviewing court's reversal of the license
suspension calls for a determination of the proper interpretation of section 159.13(1) of the Rules
of Procedure for Administrative License Suspension Hearings. This rule provides in pertinent
part:


The scope of prehearing discovery in these proceedings is as follows:


A defendant shall be allowed to review, inspect and obtain copies of any non-privileged documents or records contained in the department's file or possession
at any time prior to the hearing. If defendant submits a written request
accompanied by an amount sufficient to pay for copying charges, . . . the
department shall furnish copies of such documents or records to the defendant
within five days of receipt of the request. Any request for production of documents
or records not in the department's possession shall be denied by the Judge. Any
document or record that has not been made available by the department to the
defendant pursuant to request shall not be introduced into evidence by the
department.



1 Tex. Admin. Code § 159.13(1) (1998) (emphasis added).

 The ALJ interpreted section 159.13(1) to mean that the Department had five
"working" days, after Zhao's request, to furnish copies of any documents in the Department's
possession, specifically the DIC-24. The Department received Zhao's request on a Wednesday. 
The ALJ ruled that the Department's production of the DIC-24 on the following Wednesday was
within five working days of the request and therefore not a violation of section 159.13(1). The
ALJ further ruled that even if section 159.13(1) requires production within five "calendar" days,
the Department's initial response (that it did not have any documents in its possession) made on
the Friday following Zhao's request, satisfied the five-day requirement and the Department was
entitled to later supplement its response when it received the DIC-24.

 The reviewing court, on the other hand, found that the DIC-24 was not timely
produced under section 159.13(1) because production must occur within five calendar days of the
request. The court did not address the right of the Department to supplement its initial response.

 The Department argues that the reviewing court should not have substituted his own
interpretation of the five-day requirement in section 159.13(1) for that of the ALJ, and that the
court further erred in impliedly ruling that the Department was not entitled to supplement its initial
response.

 The reviewing court concluded as a matter of law that section 159.13(1) required
the Department to produce the DIC-24 within five calendar days of Zhao's request. The
Administrative Procedure Act (6) governs the scope of our review. See Tex. Transp. Code Ann.
§ 524.002(b) (West 1999). Pursuant to that act, we review an ALJ's determination of a question
of law de novo. See In re Humphreys, 880 S.W.2d 402, 404 (Tex.), cert. denied, 513 U.S. 964
(1994); Martin v. Texas Dep't of Pub. Safety, 964 S.W.2d 772, 774 (Tex. App.--Austin 1998,
no pet.).

 Section 159.13(1) disallows the introduction into evidence of documents that have
not been provided after a proper request for production. See 1 Tex. Admin. Code § 159.13(1)
(1998). Zhao argues (and the reviewing court concluded) that this sanction should have been
imposed by the ALJ because the Department did not produce the DIC-24 within five calendar days
of Zhao's request. 

 The administrative hearing was held by an ALJ employed by the State Office of
Administrative Hearings ("SOAH"). See Tex. Transp. Code Ann. § 724.041(d) (West 1999). 
Section 159.13 was adopted by SOAH to define the scope of prehearing discovery allowed a
defendant in an administrative license revocation case. See 19 Tex. Reg. 10221 (1994). An
agency's reasonable interpretation of its own rules is generally entitled to deference by the courts. 
See Public Util. Comm'n v. Gulf States Utils. Co., 809 S.W.2d 201, 207 (Tex. 1991); Sharp v.
International Bus. Machs. Corp., 927 S.W.2d 790, 793 (Tex. App.--Austin 1996, writ denied). 
The reviewing court is limited to determining whether the administrative interpretation "is plainly
erroneous or inconsistent with the regulation." Gulf States Utils., 809 S.W.2d at 207 (citing
United States v. Larionoff, 431 U.S. 864, 872 (1977)).

 The Rules of Procedure for the State Office for Administrative Hearings now
include a rule addressing computation of time. See 22 Tex. Reg. 12740 (1997) (to be codified at
1 Tex. Admin. Code § 155.19). Like the Texas Rules of Civil Procedure, this new rule provides
that for periods of five days or fewer, intervening Saturdays, Sundays, and legal holidays are not
counted. Compare 22 Tex. Reg. 12740 with Tex. R. Civ. P. 4. While we recognize that the
administrative hearing in this case occurred before this amendment took effect, (7) the amendment
is in accord with the ALJ's interpretation of the five-day period in section 159.13(1). Specifically,
the Department's production of the DIC-24 was "within five days" according to the amended rule. 
The existence of the five-day provision in the rules of civil procedure and the congruence between
that rule and the amended section 155.19 is persuasive and leads us to the conclusion that the
ALJ's interpretation of section 159.13(1) was reasonable and not "plainly erroneous or
inconsistent with the regulation." See Gulf States Utils., 809 S.W.2d at 209.

 In addition, Zhao's contention that the relevant documents should not have been
introduced because the Department did not produce the DIC-24 within five calendar days of her
request ignores the statutory limitation that the records be in the Department's possession at the
time of the request. See Raesner v. Texas Dep't of Pub. Safety, 982 S.W.2d 131, 133 (Tex.
App.--Houston [1st Dist.] 1998, pet. denied). The language of section 159.13(1) indicates that
the Department is not required to produce documents that it does not have in its possession. The
provision requires "any request for production of documents or records not in the department's
possession" be denied by the ALJ. 1 Tex. Admin. Code § 159.13(1) (1998) (emphasis added). 
This implies, and common sense dictates, that the Department is not required to produce
documents that it does not possess. It would be nonsensical for the response period to begin (and
perhaps expire) at a time when the Department does not have a requested document in its
possession. We recognize, as is the case here, that a local law enforcement agency often prepares
the DIC-24 and forwards it to the Department.

 Section 159.13(1) further states, "Any document or record that has not been made
available by the department to the defendant pursuant to request shall not be introduced into
evidence by the department." Id. Pursuant to this provision, the Department is held responsible
at the hearing for its failure to comply with section 159.13(1). This sanction, if imposed, is likely
to determine the outcome of the hearing. The Department cannot make available a document that
it does not possess. To subject the Department to such a harsh penalty for failing to produce a
document outside of its control will often make the ultimate outcome of the hearing dependent
upon the speed of the accused in requesting the document and the speed of the local law
enforcement agency in forwarding it. The Department has no control of either part of the process.

 Although section 159.13(1) provides that documents in the possession of the
Department, but not produced within five days of a request, should be excluded from evidence,
it does not state that later-obtained evidence should also be excluded. See Texas Dep't of Pub.
Safety v. Monroe, 983 S.W.2d 52, 58 (Tex. App.--Houston [14th Dist.] 1998, no pet.). In
Monroe, an ALJ admitted a document into evidence over the objection that it had not been
provided within five days of its request. The ALJ reasoned that as the Department had submitted
it to the accused on the day it received the document, it was within the five-day rule. The court
of appeals agreed. Id. At the time Zhao made her request, the Department did not possess the
DIC-24. When it received the DIC-24, it promptly sent the document to Zhao. We find Monroe
persuasive, and hold that the Department did not violate section 159.13(1) when it forwarded the
DIC-24 to the accused more than five days after request, but within five days of the Department's
receiving it. (8)

 We hold that the ALJ's interpretation of section 159.13(1) was reasonable. We
further hold that the Department may supplement an original production within the period allowed
by section 159.13(1) when it obtains additional documents not in its possession at the time of the
original production. We sustain the Department's first issue.


CONCLUSION

 We reverse the judgment of the county court at law and render judgment reinstating
the order of the ALJ authorizing the Department to suspend Zhao's driving privileges. (9)



 _____________________________________________

 Lee Yeakel, Justice

Before Justices Jones, B. A. Smith and Yeakel

Reversed and Rendered

Filed: June 4, 1999

Publish

1. See Tex. Transp. Code Ann. § 524.041(b) (West 1999). We will refer to the county court
at law as the reviewing court.
2. See Tex. Transp. Code Ann. § 545.060 (West 1999).
3. See Tex. Transp. Code Ann. § 724.035 (West 1999).
4. The statutory warning signed by Zhao is entitled "DWI Statutory Warning, DIC-24" (the
"DIC-24" for simplicity). The DIC-24 states, "If you refuse to give the specimen, that refusal
may be admissible in a subsequent prosecution. Your license, permit, or privilege to operate a
motor vehicle will be suspended or denied for not less than ninety (90) days if you are 21 years
old or older . . . ." The arresting officer read this warning to Zhao, while Zhao followed along
on a copy.
5. See Tex. Transp. Code Ann. § 724.041 (West 1999).
6. See Tex. Gov't Code Ann. §§ 2001.001- .902 (West 1999).
7. The amendment was effective January 2, 1998. See 22 Tex. Reg. 12748 (1997).
8. We observe that the DIC-24 was provided to Zhao more than a month before the hearing. 
If there was a dispute concerning when the Department obtained the DIC-24, whether the
Department was dilatory in producing it, or whether Zhao had inadequate time to defend against
it, Zhao could have raised the issue with the ALJ by prehearing motion.
9. Because our determination of the Department's first issue is dispositive, it is unnecessary to
address the Department's second issue on appeal.


cal for the response period to begin (and
perhaps expire) at a time when the Department does not have a requested document in its
possession. We recognize, as is the case here, that a local law enforcement agency often prepares
the DIC-24 and forwards it to the Department.

 Section 159.13(1) further states, "Any document or record that has not been made
available by the department to the defendant pursuant to request shall not be introduced into
evidence by the department." Id. Pursuant to this provision, the Department is held responsible
at the hearing for its failure to comply with section 159.13(1). This sanction, if imposed, is likely
to determine the outcome of the hearing. The Department cannot make available a document that
it does not possess. To subject the Department to such a harsh penalty for failing to produce a
document outside of its control will often make the ultimate outcome of the hearing dependent
upon the speed of the accused in requesting the document and the speed of the local law
enforcement agency in forwarding it. The Department has no control of either part of the process.

 Although section 159.13(1) provides that documents in the possession of the
Department, but not produced within five days of a request, should be excluded from evidence,
it does not state that later-obtained evidence should also be excluded. See Texas Dep't of Pub.
Safety v. Monroe, 983 S.W.2d 52, 58 (Tex. App.--Houston [14th Dist.] 1998, no pet.). In
Monroe, an ALJ admitted a document into evidence over the objection that it had not been
provided within five days of its request. The ALJ reasoned that as the Department had submitted
it to the accused on the day it received the document, it was within the five-day rule. The court
of appeals agreed. Id. At the time Zhao made her request, the Department did not possess the
DIC-24. When it received the DIC-24, it promptly sent the document to Zhao. We find Monroe
persuasive, and hold that the Department did not violate section 159.13(1) when it forwarded the
DIC-24 to the accused more than five days after request, but within five days of the Department's
receiving it. (8)

 We hold that the ALJ's interpretation of section 159.13(1) was reasonable. We
further hold that the Department may supplement an original production within the period allowed
by section 159.13(1) when it obtains additional documents not in its possession at the time of the
original production. We sustain the Department's first issue.


CONCLUSION

 We reverse the judgment of the county court at law and render judgment reinstating
the order of the ALJ authorizing the Department to suspend Zhao's driving privileges. (9)



 _____________________________________________

 Lee Yeakel, Justice

Before Justices Jones, B. A. Smith and Yeakel

Reversed and Rendered

Filed: June 4, 1999

Publish

1. See Tex. Transp. Code Ann. § 524.041(b) (We