TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00742-CV






Texas Department of Public Safety, Appellant



v.



Jose S. Favela, Appellee






FROM THE COUNTY COURT AT LAW OF COMAL COUNTY


NO. 99CV-141, HONORABLE BRENDA R. FREEMAN, JUDGE PRESIDING 






 The Texas Department of Public Safety (the Department) appeals from the judgment
of the county court-at-law of Comal County that reversed an administrative law judge's order
authorizing the Department to suspend Jose S. Favela's driver's license for operating his vehicle
in a public place with an alcohol concentration of 0.10 or greater. Tex. Transp. Code Ann.
§ 524.011 (West 1999).(1) We will reverse the judgment of the county court-at-law.


Factual and Procedural Background



 Officer Wilgen, a patrol officer with the Schertz Police Department, stopped
Favela's van for weaving several times from the main lane of IH-35 onto the shoulder. After
stopping the van, Wilgen noticed a strong odor of alcohol on Favela's breath. Favela admitted
drinking five or six beers and failed three field sobriety tests. Favela gave a breath specimen
approximately eighty-three minutes later. At 1:09 a.m. his breath alcohol concentration tested as 
0 .181; at 1:11 a.m. as 0.175.

 Favela requested an administrative hearing to challenge the Department's authority
to suspend his driver's license based on his breath test results. Tex. Transp. Code Ann. § 523.031
(West 1999). The administrative law judge (ALJ) upheld the Department's suspension of Favela's
license. Favela then appealed to the county court-at-law, raising only the issue that without
extrapolation evidence(2) establishing his alcohol concentration at the time of the traffic stop, rather
than at the time of the test, there was no evidence to support the ALJ's decision. The county
court-at-law agreed with Favela, and found that the ALJ's decision was not supported by
substantial evidence.

 In two appellate issues, the Department contends that the county court-at-law erred
in reversing the ALJ's order based on the lack of extrapolation evidence and erred in ignoring the
combined force of the breath test and the other evidence indicating intoxication.

Discussion



 Courts review administrative license suspensions under the substantial evidence
standard. Mireles v. Texas Dep't of Pub. Safety, 9 S.W.3d 128, 131 (Tex.1999). A reviewing
court reverses an ALJ's decision only if substantial rights of the appellant have been prejudiced
and the ALJ's findings are not reasonably supported by substantial evidence considering the
reliable and probative evidence in the record as a whole. Tex. Gov't Code Ann. § 2001.174(2)(E)
(West 2000); see Blankenbeker v. Texas Dep't of Pub. Safety, 990 S.W.2d 813, 818 (Tex.
App.--Austin 1990, pet. denied); Texas Dep't of Pub. Safety v. Monroe, 983 S.W.2d 52, 54-55
(Tex. App.--Houston [14th Dist.] 1998, no pet.); Texas Dep't of Pub. Safety v. Latimer, 939
S.W.2d 240, 244 (Tex. App.--Austin 1997, no writ). A court applying the substantial evidence
standard of review may not substitute its judgment for that of the agency; the issue is not whether
the agency's decision was correct, but only whether the record demonstrates some reasonable basis
for the agency's action. Mireles, 9 S.W.3d at 131; City of El Paso v. Public Util. Comm'n, 883
S.W.2d 179, 185 (Tex. 1994). Substantial evidence requires more than a mere scintilla of
evidence. See Mireles, 9 S.W.3d at 131; Railroad Comm'n of Tex. v. Torch Operating Co., 912
S.W.2d 790, 792-93 (Tex. 1995). The evidence may preponderate against the agency's decision
and still be substantial evidence. Mireles, 9 S.W.3d at 131; Torch Operating Co., 912 S.W.2d
793. We review de novo the decision of the county court-at-law whether substantial evidence
supported the ALJ's decision. See Texas Dep't of Pub. Safety v. Valdez, 956 S.W.2d 767, 769
(Tex. App.--San Antonio 1997, no pet.).

 Unextrapolated breath-test results are substantial evidence to support an ALJ's
decision to revoke a license. Mireles, 9 S.W.3d at 131. The court first discussed the principle
in criminal cases that unextrapolated breath-test results, although obtained after a lag time between
driving and administration of the test, are probative evidence for the trier of fact to consider and
weigh, citing Forte v. State, 707 S.W.2d 89, 94-95 (Tex. Crim. App. 1986). Id. The court noted
that such evidence was sufficient to satisfy the higher burden of proof in a criminal case; further
noting that an administrative decision may be sustained even if the evidence preponderates against
it if there is a scintilla of evidence to support the decision. Id. The court held: "If unextrapolated
breath-test results are sufficient to sustain a criminal conviction for drunk driving, they are
certainly sufficient to sustain an administrative license revocation." Id.; see also Blankenbeker,
990 S.W.2d at 818; Martin v. Texas Dep't of Pub. Safety, 964 S.W.2d 772, 776 (Tex.
App.--Austin 1998, no pet.).

 We find nothing in the record that distinguishes Favela's case from Mireles,
Blankenbeker, or Martin.(3) The test occurred approximately eighty-three minutes after he was
stopped and his lower alcohol concentration of 0.175 was significantly above 0.10. Further, the
record shows additional evidence from which the ALJ reasonably could have inferred the
prohibited level of alcohol existed, such as Favela's driving erratically, admitting alcohol
consumption, and failing performance on the field sobriety tests. See Martin, 964 S.W.2d at 776. 
Accordingly, we sustain the Department's issues and conclude that substantial evidence supported
the ALJ's decision.


Conclusion



 We have sustained the Department's issues and hold that substantial evidence
supported the ALJ's decision. Accordingly, we reverse the judgment of the county court-at-law 
and render judgment reinstating the ALJ's order of suspension.



 

 Lee Yeakel, Justice

Before Justices Jones, Kidd and Yeakel

Reversed and Rendered

Filed: October 5, 2000

Do Not Publish

1. The legislature amended the definition of intoxication to include persons with an alcohol
concentration of 0.08 or more. Act of May 28, 1999, 76th Leg., R.S., ch. 234, § 1(2)(B), 1999
Tex. Gen. Laws 1082 (codified as Tex. Penal Code § 49.01). This definition does not apply to
Favela's case as it became effective September 1, 1999 and Favela was stopped on February 28,
1999.
2. "Extrapolation evidence" refers to evidence that takes into account factors such as a person's 
weight, the amount of alcohol consumed, the amount of food eaten, and other metabolic factors,
all of which affect the rate at which alcohol is digested or metabolized. This evidence is then used
to establish an alcohol concentration at the time of driving, rather than at the time of administering
the test for alcohol concentration. See Mireles v. Texas Dep't of Pub. Safety, 9 S.W.3d 128, 130
(Tex. 1999); Martin v. Texas Dep't of Pub. Safety, 964 S.W.2d 772, 776 n.3 (Tex. App.--Austin
1998, no pet.).
3. Favela's trial occurred July 21, 1999. Favela contends that the supreme court's opinion in
Mireles represents an unforeseeable change in the law that should not be applied retroactively to
him. Favela relied on the first version of the opinion in Mireles by the San Antonio Court of
Appeals holding extrapolation evidence was necessary. Disregarding any other problems with
Favela's analysis, on May 12, 1999, the San Antonio Court withdrew its original Mireles opinion. 
Mireles v. Texas Dep't of Pub. Safety, 993 S.W.2d 426, 427 (Tex. App.--San Antonio 1999),
aff'd, 9 S.W.3d 128, 130 (1999). Further, at the time of Favela's trial, this Court had held that
extrapolation evidence was not necessary. See Blankenbeker v. Texas Dep't of Pub. Safety, 990
S.W.2d 813, 818 (Tex. App.--Austin 1999, pet. denied); Martin, 964 S.W.2d at 776. 


till be substantial evidence. Mireles, 9 S.W.3d at 131; Torch Operating Co., 912 S.W.2d
793. We revie