TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-00-00038-CV






Kristoffer Tate Paulson, Appellant



v.



Texas Department of Public Safety, Appellee







FROM THE COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY


NO. 248,410, HONORABLE ORLINDA NARANJO, JUDGE PRESIDING







 Kristoffer Tate Paulson appeals from the order of the county court at law that
affirmed an administrative law judge's order suspending Paulson's driver's license for ninety days
because of his refusal to give a breath specimen following his arrest for driving while intoxicated. 
Tex. Transp. Code Ann. §§ 724.031-.035 (West 1999 & Supp. 2000) (Transp. Code). We will
affirm the trial court judgment.


Factual and Procedural Background



 On September 19, 1999, Officer Walker of the Austin Police Department observed
a 1991 Toyota Tercel on Research Boulevard. According to his report, Walker observed the
Tercel drift three times from its lane two feet into the adjoining lane and then drift back across its
lane onto the far lane line of Research Boulevard. After Walker stopped the Tercel, Officer
Hernandez, also with the Austin Police Department, administered field sobriety tests to the driver. 
Hernandez noted several signs of intoxication and asked Paulson to submit to a breath alcohol
concentration test. Paulson refused, resulting in a ninety-day suspension of his driver's license.

 Paulson requested a hearing to contest the suspension of his driver's license. 
Transp. Code § 724.041. The administrative law judge (ALJ) sustained the suspension. Paulson
appealed to the county court at law, which affirmed the administrative decision. Transp. Code
§ 524.041. He now appeals to this Court. In one issue presented, Paulson asks whether there is
substantial evidence in the record establishing that there was reasonable suspicion or probable
cause to stop his vehicle.


Discussion



 Courts review administrative license suspensions under the substantial evidence
standard. Mireles v. Texas Dep't of Pub. Safety, 9 S.W.3d 128, 131 (Tex. 1999). A reviewing
court reverses an ALJ's decision only if substantial rights of the appellant have been prejudiced
and the ALJ's findings are not reasonably supported by substantial evidence considering the
reliable and probative evidence in the record as a whole. Tex. Gov't Code Ann. § 2001.174(2)(E)
(West 2000); see Blankenbeker v. Texas Dep't of Pub. Safety, 990 S.W.2d 813, 814 (Tex.
App.--Austin 1999, pet. denied); Texas Dep't of Pub. Safety v. Monroe, 983 S.W.2d 52, 54-55
(Tex. App.--Houston [14th Dist.] 1998, no pet.); Texas Dep't of Pub. Safety v. Latimer, 939
S.W.2d 240, 244 (Tex. App.--Austin 1997, no writ). A court applying the substantial evidence
standard of review may not substitute its judgment for that of the agency; the issue is not whether
the agency's decision was correct, but only whether the record demonstrates some reasonable basis
for the agency's action. Mireles, 9 S.W.3d at 131; City of El Paso v. Public Util. Comm'n, 883
S.W.2d 179, 185 (Tex. 1994). Substantial evidence only requires more than a mere scintilla of
evidence. See Mireles, 9 S.W.3d at 131; Railroad Comm'n of Tex. v. Torch Operating Co., 912
S.W.2d 790, 792-93 (Tex. 1995). The reviewing court upholds the administrative order on any
legal theory supported by the evidence. Texas Health Facilities Comm'n v. Charter Med.-Dallas,
Inc., 665 S.W.2d 446, 452-53 (Tex. 1984); Public Util. Comm'n v. Southwestern Bell Tel. Co.,
960 S.W.2d 116, 121 (Tex. App.--Austin 1997, no pet.).

 Paulson contends that Walker's observations did not constitute reasonable suspicion
for his temporary detention because those observations do not constitute a traffic offense. If the
facts established are undisputed, the question whether they constitute reasonable suspicion is
reviewed de novo. See Guzman v. State, 955 S.W.2d 85, 87-88 (Tex. Crim. App. 1997); Texas
Dep't of Pub. Safety v. Bartow, 994 S.W.2d 329, 330 (Tex. App.--Austin 1999, no pet.). We
determine whether reasonable suspicion exists from the totality of the circumstances. Woods v.
State, 956 S.W.2d 33, 38 (Tex. Crim. App. 1997). A temporary detention is justified when an
officer has specific articulable facts, which taken together with rational inferences from those
facts, lead him to conclude that the person detained actually is, has been, or soon will be engaged
in criminal activity. Id. There is no requirement that the conduct violate a particular statute in
order to give rise to reasonable suspicion. Gajewski v. State, 944 S.W.2d 450, 452 (Tex.
App.--Houston [14th Dist.] 1997, no pet.).

 Paulson contends that the record contains no evidence that he committed a traffic
offense because, in order to commit the only possible relevant offense, his lane change had to have
been made in an unsafe fashion. Hernandez v. State, 983 S.W.2d 867, 871 (Tex. App.--Austin
1998, pet. ref'd). In Hernandez, the police officer observed only a single instance in which the
driver crossed over the white line adjoining two lanes of traffic flowing in the same direction. The
only reason the officer gave for stopping the driver was a traffic offense, failure to maintain a
single lane. Id. at 868-69. This Court first concluded that the facts available to the officer did
not, considering the totality of the circumstances, give rise to a reasonable suspicion that appellant
was driving while intoxicated. Id. at 870. We then discussed the requirement in section 545.060
of the Transportation Code that a driver not move from a single marked lane unless that movement
can be made with safety. Id. at 871. We concluded that, in order to constitute an offense, both
aspects of the statute must be met: the vehicle must fail to stay within the lane, and the movement
from the lane must be unsafe. Id. This Court held that the officer's observations did not support
a detention for a traffic offense. Id. 871-72.

 In this case, the facts show more than a single drift over the line between lanes. 
The evidence showed vehicle movement crossing from the leftmost side of the lane all the way
back over to the far right side of the lane, crossing onto the shoulder. The evidence showed this
move was repeated three times, i.e., the vehicle was weaving repeatedly. This movement supplied
reasonable suspicion for the officer to conclude that Paulson was driving while intoxicated or that
some activity out of the ordinary was occurring, so as to justify the stop of his vehicle. See Texas
Dep't of Pub. Safety v. Nordin, 971 S.W.2d 90, 94 (Tex. App.--Houston [14th Dist.] 1998, no
pet.) (ALJ correctly held that officer had reasonable suspicion to make stop based on observation
that driver crossed over shoulder stripe and was weaving within his traveling lane.); Davis v.
State, 923 S.W.2d 781, 784, 788 (Tex. App.--Beaumont 1996) (officers saw defendant weave
"line to line" multiple times, suspected he was intoxicated), rev'd on other grounds, 947 S.W.2d
240, 245 (Tex. Crim. App. 1997). Under the facts in this case, it was not necessary to show that
the driver committed a particular traffic offense to justify the officer's stop. See Gajewski, 944
S.W.2d at 452.


Conclusion



 The facts in this case gave rise to a reasonable suspicion on Walker's part that
Paulson was driving while intoxicated, authorizing an investigative stop. Accordingly, we
overrule Paulson's single point of error and affirm the trial court judgment.



 

 Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices Kidd and B. A. Smith

Affirmed

Filed: September 21, 2000

Do Not Publish



1; Railroad Comm'n of Tex. v. Torch Operating Co., 912
S.W.2d 790, 792-93 (Tex. 1995). The reviewing court upholds the administrative order on any
legal theory supported by the evidence. Texas Health Facilities Comm'n v. Charter Med.-Dallas,
Inc., 665 S.W.2d 446, 452-53 (Tex. 1984); Public Util. Comm'n v. Southwestern Bell Tel. Co.,
960 S.W.2d 116, 121 (Tex. App.--Austin 1997, no pet.).

 Paulson contends that Walker's observations did not constitute reasonable suspicion
for his temporary detention because those observations do not constitute a traffic offense. If the
facts established are undisputed, the question whether th