# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-00-00038-CV

---

**Kristoffer Tate Paulson, Appellant**

**v.**

**Texas Department of Public Safety, Appellee**

---

**FROM THE COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY**
**NO. 248,410, HONORABLE ORLINDA NARANJO, JUDGE PRESIDING**

---

Kristoffer Tate Paulson appeals from the order of the county court at law that affirmed an administrative law judge's order suspending Paulson's driver's license for ninety days because of his refusal to give a breath specimen following his arrest for driving while intoxicated. Tex. Transp. Code Ann. §§ 724.031-.035 (West 1999 & Supp. 2000) (Transp. Code). We will affirm the trial court judgment.

## Factual and Procedural Background

On September 19, 1999, Officer Walker of the Austin Police Department observed a 1991 Toyota Tercel on Research Boulevard. According to his report, Walker observed the Tercel drift three times from its lane two feet into the adjoining lane and then drift back across its lane onto the far lane line of Research Boulevard. After Walker stopped the Tercel, Officer Hernandez, also with the Austin Police Department, administered field sobriety tests to the driver. Hernandez noted

several signs of intoxication and asked Paulson to submit to a breath alcohol concentration test. Paulson refused, resulting in a ninety-day suspension of his driver's license.

Paulson requested a hearing to contest the suspension of his driver's license. Transp. Code § 724.041. The administrative law judge (ALJ) sustained the suspension. Paulson appealed to the county court at law, which affirmed the administrative decision. Transp. Code § 524.041. He now appeals to this Court. In one issue presented, Paulson asks whether there is substantial evidence in the record establishing that there was reasonable suspicion or probable cause to stop his vehicle.

**Discussion**

Courts review administrative license suspensions under the substantial evidence standard. *Mireles v. Texas Dep't of Pub. Safety*, 9 S.W.3d 128, 131 (Tex. 1999). A reviewing court reverses an ALJ's decision only if substantial rights of the appellant have been prejudiced and the ALJ's findings are not reasonably supported by substantial evidence considering the reliable and probative evidence in the record as a whole. Tex. Gov't Code Ann. § 2001.174(2)(E) (West 2000); *see Blankenbeker v. Texas Dep't of Pub. Safety*, 990 S.W.2d 813, 814 (Tex. App.—Austin 1999, pet. denied); *Texas Dep't of Pub. Safety v. Monroe*, 983 S.W.2d 52, 54-55 (Tex. App.—Houston [14th Dist.] 1998, no pet.); *Texas Dep't of Pub. Safety v. Latimer*, 939 S.W.2d 240, 244 (Tex. App.—Austin 1997, no writ). A court applying the substantial evidence standard of review may not substitute its judgment for that of the agency; the issue is not whether the agency's decision was correct, but only whether the record demonstrates some reasonable basis for the agency's action. *Mireles*, 9 S.W.3d at 131; *City of El Paso v. Public Util. Comm'n*, 883 S.W.2d 179, 185 (Tex. 1994). Substantial evidence only requires more than a mere scintilla of evidence. *See Mireles*, 9

2

S.W.3d at 131; *Railroad Comm'n of Tex. v. Torch Operating Co.*, 912 S.W.2d 790, 792-93 (Tex. 1995). The reviewing court upholds the administrative order on any legal theory supported by the evidence. *Texas Health Facilities Comm'n v. Charter Med.-Dallas, Inc.*, 665 S.W.2d 446, 452-53 (Tex. 1984); *Public Util. Comm'n v. Southwestern Bell Tel. Co.*, 960 S.W.2d 116, 121 (Tex. App.—Austin 1997, no pet.).

Paulson contends that Walker's observations did not constitute reasonable suspicion for his temporary detention because those observations do not constitute a traffic offense. If the facts established are undisputed, the question whether they constitute reasonable suspicion is reviewed de novo. *See Guzman v. State*, 955 S.W.2d 85, 87-88 (Tex. Crim. App. 1997); *Texas Dep't of Pub. Safety v. Bartow*, 994 S.W.2d 329, 330 (Tex. App.—Austin 1999, no pet.). We determine whether reasonable suspicion exists from the totality of the circumstances. *Woods v. State*, 956 S.W.2d 33, 38 (Tex. Crim. App. 1997). A temporary detention is justified when an officer has specific articulable facts, which taken together with rational inferences from those facts, lead him to conclude that the person detained actually is, has been, or soon will be engaged in criminal activity. *Id.* There is no requirement that the conduct violate a particular statute in order to give rise to reasonable suspicion. *Gajewski v. State*, 944 S.W.2d 450, 452 (Tex. App.—Houston [14th Dist.] 1997, no pet.).

Paulson contends that the record contains no evidence that he committed a traffic offense because, in order to commit the only possible relevant offense, his lane change had to have been made in an unsafe fashion. *Hernandez v. State*, 983 S.W.2d 867, 871 (Tex. App.—Austin 1998, pet. ref'd). In *Hernandez*, the police officer observed only a single instance in which the driver crossed over the white line adjoining two lanes of traffic flowing in the same direction. The only

3

reason the officer gave for stopping the driver was a traffic offense, failure to maintain a single lane. *Id*. at 868-69. This Court first concluded that the facts available to the officer did not, considering the totality of the circumstances, give rise to a reasonable suspicion that appellant was driving while intoxicated. *Id*. at 870. We then discussed the requirement in section 545.060 of the Transportation Code that a driver not move from a single marked lane unless that movement can be made with safety. *Id*. at 871. We concluded that, in order to constitute an offense, both aspects of the statute must be met: the vehicle must fail to stay within the lane, and the movement from the lane must be unsafe. *Id*. This Court held that the officer's observations did not support a detention for a traffic offense. *Id*. 871-72.

In this case, the facts show more than a single drift over the line between lanes. The evidence showed vehicle movement crossing from the leftmost side of the lane all the way back over to the far right side of the lane, crossing onto the shoulder. The evidence showed this move was repeated three times, i.e., the vehicle was weaving repeatedly. This movement supplied reasonable suspicion for the officer to conclude that Paulson was driving while intoxicated or that some activity out of the ordinary was occurring, so as to justify the stop of his vehicle. *See Texas Dep't of Pub. Safety v. Nordin,* 971 S.W.2d 90, 94 (Tex. App.—Houston [14th Dist.] 1998, no pet.) (ALJ correctly held that officer had reasonable suspicion to make stop based on observation that driver crossed over shoulder stripe and was weaving within his traveling lane.); *Davis v. State*, 923 S.W.2d 781, 784, 788 (Tex. App.—Beaumont 1996) (officers saw defendant weave "line to line" multiple times, suspected he was intoxicated), *rev'd on other grounds*, 947 S.W.2d 240, 245 (Tex. Crim. App. 1997). Under

4

the facts in this case, it was not necessary to show that the driver committed a particular traffic offense to justify the officer's stop. *See Gajewski*, 944 S.W.2d at 452.

## Conclusion

The facts in this case gave rise to a reasonable suspicion on Walker's part that Paulson was driving while intoxicated, authorizing an investigative stop. Accordingly, we overrule Paulson's single point of error and affirm the trial court judgment.

_____

Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices Kidd and B. A. Smith

Affirmed

Filed:   September 21, 2000

Do Not Publish