# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-05-00646-CV

**Texas Department of Public Safety, Appellant**

**v.**

**William Thomas Hodge, Appellee**

---

### FROM THE COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY
### NO. 284400, HONORABLE ORLINDA NARANJO, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

This appeal concerns whether a vehicle stopped on a crosswalk provides reasonable suspicion for a traffic stop. The administrative law judge found that it did not, and denied the Department of Public Safety's suspension of William Hodge's driver's license based on Hodge's arrest for driving while intoxicated and breath test showing intoxication that resulted from the traffic stop. The trial court affirmed the administrative law judge's order. We conclude that the uncontested evidence that Hodge stopped his vehicle on a crosswalk shows a violation of section 545.302 of the transportation code. This traffic violation provided reasonable suspicion to stop Hodge. We reverse the trial court's judgment and remand with instructions to remand this cause to the administrative law judge for further proceedings.

On August 15, 2004, at approximately 2:45 a.m., Hodge stopped his vehicle on a crosswalk and activated the vehicle's emergency flashers. Department of Public Safety Trooper Chet Cottle saw Hodge's car stop, pulled up next to him, and instructed him to pull forward into a parking space to provide room for Cottle's patrol car to pull in behind Hodge's vehicle. According to his report, upon making contact with Hodge (after Hodge had pulled forward), Cottle immediately detected the strong odor of an alcoholic beverage coming from inside the truck. He also noticed that Hodge's eyes were bloodshot, watery, and glassy. Cottle asked Hodge to step out of the vehicle and perform several field sobriety tests. After failing three of the tests, Hodge was arrested for driving while intoxicated. Hodge agreed to provide a specimen of his breath at the Travis County Jail, and the two administrations of the test indicated that Hodge's breath-alcohol concentration was .167 and .177. Because his breath-alcohol concentration exceeded the legal limit of .08, Hodge's driver's license was automatically suspended. *See* Tex. Transp. Code Ann. § 524.011 (West Supp. 2005).

At Hodge's request, an administrative hearing was held on February 16, 2005, regarding the license suspension. At the hearing, the Department introduced Cottle's sworn report and an affidavit from the technical supervisor who administered the breath test as evidence. Cottle also testified at the hearing. Hodge did not offer any evidence. The administrative law judge found that Hodge "was approached only due to the time of night and no other reason" and concluded that the Department did not prove by a preponderance of the evidence that reasonable suspicion to stop Hodge existed. The Department sought judicial review of the administrative decision. The trial court affirmed the administrative decision.

2

On appeal, the Department contends that the trial court erred by affirming the administrative law judge's order because the police officer was justified in stopping Hodge based both on the reasonable suspicion that Hodge violated the law by stopping on the crosswalk and on the police officer's community caretaking responsibilities. The Department also contends that the administrative law judge erred by failing to reach the issue of the police officer's probable cause to arrest Hodge.

Pursuant to the Administrative Procedure Act, a reviewing court must test the agency's findings, inferences, conclusions, and decisions to determine whether they are reasonably supported by substantial evidence considering the evidence in the record as a whole. Tex. Gov't Code Ann. § 2001.174(2)(E) (West 2000); *Texas Dep't of Pub. Safety v. Bartow*, 994 S.W.2d 329, 330 (Tex. App.—Austin 1999, no pet.); *see Blankenbeker v. Texas Dep't of Pub. Safety*, 990 S.W.2d 813, 814 (Tex. App.—Austin 1999, pet. denied). When, as here, the facts established are undisputed, the question of whether they constitute reasonable suspicion is reviewed de novo. *See Guzman v. State*, 955 S.W.2d 85, 87-88 (Tex. Crim. App. 1997).

The Department contends that there was reasonable suspicion for the police officer to stop Hodge because Hodge committed a traffic violation within the officer's plain view. When a police officer sees a traffic violation occur, he has probable cause to stop and detain the offender for the violation. *See* Tex. Code. Crim. Proc. Ann. art. 14.01(b) (West 2005); *Garcia v. State*, 827 S.W.2d 937, 944-45 (Tex. Crim. App. 1992). Once a police officer makes a valid traffic stop, he may further detain the suspect for investigation if he develops a reasonable suspicion that another offense is being committed. *See Davis v. State*, 947 S.W.2d 240, 244 (Tex. Crim. App. 1997).

3

Reasonable suspicion exists if the officer can articulate specific facts which, when taken along with rational inferences from those facts, reasonably warrant the intrusion. *Terry v. Ohio*, 392 U.S. 1, 21 (1968).

Trooper Cottle testified at the administrative hearing that he initially noticed Hodge because "the back of the vehicle was in a crosswalk and no parking zone." He also noted in his report that Hodge had "stopped on a crosswalk." Section 545.302 of the Texas Transportation Code provides that a vehicle operator "may not stop, stand, or park a vehicle . . . on a crosswalk." Tex. Transp. Code. Ann. § 545.302(a)(4) (West 2005). The administrative law judge found that "the evidence established that the Defendant was temporarily stopped with his engine running" with, according to Cottle, the rear of the vehicle "in the cross walk." Despite these findings, the administrative law judge concluded that the Department had not proved that reasonable suspicion to stop Hodge existed, apparently due to the fact that Trooper Cottle's testimony "did not establish that the Defendant's vehicle was stopped in an unsafe position."

We conclude that the evidence in the record demonstrates that Hodge violated the provision of the transportation code that prohibits stopping a vehicle on a crosswalk. *See id*. According to the plain language of the statute, a violation occurs when an operator stops, stands, or parks a vehicle on a crosswalk. *Id.* The statute does not require that an operator stop the vehicle in an unsafe position for there to be a violation. It is a violation simply to be stopped on a crosswalk. Therefore, the administrative law judge's findings concerning whether Hodge's vehicle was unsafely positioned are not determinative of whether reasonable suspicion existed for the stop. Instead,

4

reasonable suspicion existed the moment Hodge, in plain view of a police officer, violated section 545.302 of the transportation code by stopping his vehicle on the crosswalk.

Our resolution of this issue is dispositive of this appeal. Therefore, we do not reach the Department's other issues. *See* Tex. R. App. P. 47.1.

We reverse the trial court's judgment affirming the administrative law judge's order. We remand this cause to the trial court with instructions to remand this cause to the administrative law judge for further proceedings consistent with this opinion.

_____

G. Alan Waldrop, Justice

Before Justices B. A. Smith, Puryear and Waldrop

Reversed and Remanded

Filed: June 15, 2006