TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN




NO. 03-05-00646-CV




Texas Department of Public Safety, Appellant

v.

William Thomas Hodge, Appellee





FROM THE COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY
NO. 284400, HONORABLE ORLINDA NARANJO, JUDGE PRESIDING




M E M O R A N D U M O P I N I O N


                        This appeal concerns whether a vehicle stopped on a crosswalk provides reasonable
suspicion for a traffic stop. The administrative law judge found that it did not, and denied the
Department of Public Safety’s suspension of William Hodge’s driver’s license based on Hodge’s
arrest for driving while intoxicated and breath test showing intoxication that resulted from the traffic
stop. The trial court affirmed the administrative law judge’s order. We conclude that the
uncontested evidence that Hodge stopped his vehicle on a crosswalk shows a violation of section
545.302 of the transportation code. This traffic violation provided reasonable suspicion to stop
Hodge. We reverse the trial court’s judgment and remand with instructions to remand this cause to
the administrative law judge for further proceedings.
                        On August 15, 2004, at approximately 2:45 a.m., Hodge stopped his vehicle on a
crosswalk and activated the vehicle’s emergency flashers. Department of Public Safety Trooper Chet
Cottle saw Hodge’s car stop, pulled up next to him, and instructed him to pull forward into a parking
space to provide room for Cottle’s patrol car to pull in behind Hodge’s vehicle. According to his
report, upon making contact with Hodge (after Hodge had pulled forward), Cottle immediately
detected the strong odor of an alcoholic beverage coming from inside the truck. He also noticed that
Hodge’s eyes were bloodshot, watery, and glassy. Cottle asked Hodge to step out of the vehicle and
perform several field sobriety tests. After failing three of the tests, Hodge was arrested for driving
while intoxicated. Hodge agreed to provide a specimen of his breath at the Travis County Jail, and
the two administrations of the test indicated that Hodge’s breath-alcohol concentration was .167 and
.177. Because his breath-alcohol concentration exceeded the legal limit of .08, Hodge’s driver’s
license was automatically suspended. See Tex. Transp. Code Ann. § 524.011 (West Supp. 2005).
                        At Hodge’s request, an administrative hearing was held on February 16, 2005,
regarding the license suspension. At the hearing, the Department introduced Cottle’s sworn report
and an affidavit from the technical supervisor who administered the breath test as evidence. Cottle
also testified at the hearing. Hodge did not offer any evidence. The administrative law judge found
that Hodge “was approached only due to the time of night and no other reason” and concluded that
the Department did not prove by a preponderance of the evidence that reasonable suspicion to stop
Hodge existed. The Department sought judicial review of the administrative decision. The trial
court affirmed the administrative decision.
                        On appeal, the Department contends that the trial court erred by affirming the
administrative law judge’s order because the police officer was justified in stopping Hodge based
both on the reasonable suspicion that Hodge violated the law by stopping on the crosswalk and on
the police officer’s community caretaking responsibilities. The Department also contends that the
administrative law judge erred by failing to reach the issue of the police officer’s probable cause to
arrest Hodge.
                        Pursuant to the Administrative Procedure Act, a reviewing court must test the
agency’s findings, inferences, conclusions, and decisions to determine whether they are reasonably
supported by substantial evidence considering the evidence in the record as a whole. Tex. Gov’t
Code Ann. § 2001.174(2)(E) (West 2000); Texas Dep’t of Pub. Safety v. Bartow, 994 S.W.2d 329,
330 (Tex. App.—Austin 1999, no pet.); see Blankenbeker v. Texas Dep’t of Pub. Safety, 990 S.W.2d
813, 814 (Tex. App.—Austin 1999, pet. denied). When, as here, the facts established are
undisputed, the question of whether they constitute reasonable suspicion is reviewed de novo. See
Guzman v. State, 955 S.W.2d 85, 87-88 (Tex. Crim. App. 1997).
                        The Department contends that there was reasonable suspicion for the police officer
to stop Hodge because Hodge committed a traffic violation within the officer’s plain view. When
a police officer sees a traffic violation occur, he has probable cause to stop and detain the offender
for the violation. See Tex. Code. Crim. Proc. Ann. art. 14.01(b) (West 2005); Garcia v. State, 827
S.W.2d 937, 944-45 (Tex. Crim. App. 1992). Once a police officer makes a valid traffic stop, he
may further detain the suspect for investigation if he develops a reasonable suspicion that another
offense is being committed. See Davis v. State, 947 S.W.2d 240, 244 (Tex. Crim. App. 1997). 
Reasonable suspicion exists if the officer can articulate specific facts which, when taken along with
rational inferences from those facts, reasonably warrant the intrusion. Terry v. Ohio, 392 U.S. 1, 21
(1968).
                        Trooper Cottle testified at the administrative hearing that he initially noticed Hodge
because “the back of the vehicle was in a crosswalk and no parking zone.” He also noted in his
report that Hodge had “stopped on a crosswalk.” Section 545.302 of the Texas Transportation Code
provides that a vehicle operator “may not stop, stand, or park a vehicle . . . on a crosswalk.” Tex.
Transp. Code. Ann. § 545.302(a)(4) (West 2005). The administrative law judge found that “the
evidence established that the Defendant was temporarily stopped with his engine running” with,
according to Cottle, the rear of the vehicle “in the cross walk.” Despite these findings, the
administrative law judge concluded that the Department had not proved that reasonable suspicion
to stop Hodge existed, apparently due to the fact that Trooper Cottle’s testimony “did not establish
that the Defendant’s vehicle was stopped in an unsafe position.”
                        We conclude that the evidence in the record demonstrates that Hodge violated the
provision of the transportation code that prohibits stopping a vehicle on a crosswalk. See id. 
According to the plain language of the statute, a violation occurs when an operator stops, stands, or
parks a vehicle on a crosswalk. Id. The statute does not require that an operator stop the vehicle in
an unsafe position for there to be a violation. It is a violation simply to be stopped on a crosswalk. 
Therefore, the administrative law judge’s findings concerning whether Hodge’s vehicle was unsafely
positioned are not determinative of whether reasonable suspicion existed for the stop. Instead,
reasonable suspicion existed the moment Hodge, in plain view of a police officer, violated section
545.302 of the transportation code by stopping his vehicle on the crosswalk.
                        Our resolution of this issue is dispositive of this appeal. Therefore, we do not reach
the Department’s other issues. See Tex. R. App. P. 47.1.
                        We reverse the trial court’s judgment affirming the administrative law judge’s order. 
We remand this cause to the trial court with instructions to remand this cause to the administrative
law judge for further proceedings consistent with this opinion.
 
 
                                                                                                                                                            
                                                                        G. Alan Waldrop, Justice
Before Justices B. A. Smith, Puryear and Waldrop
Reversed and Remanded
Filed: June 15, 2006