TEXAS DEPARTMENT OF PUBLIC
SAFETY, Appellant,

v.

Terry James THOMAS, Appellee.

No. 10–97–396–CV

Court of Appeals of Texas,
Waco.

Dec. 30, 1998.

Rehearing Overruled Jan. 27, 1999.

Phyllis Waldrep Cranz, Asst. Dist. Atty. by deputization and attorney for the Texas Dept. of Public Safety, Fort Worth, Loren Svor, Asst. Gen. Counsel, Texas Dept. of Public Safety, Austin, for appellant.

Jerry L. Wood, Fort Worth, for appellee.

Before Chief Justice DAVIS, Justice CUMMINGS and Justice VANCE.

## OPINION

REX D. DAVIS, Chief Justice.

The Texas Department of Public Safety ("DPS") appeals the Tarrant County Court at Law No. 3's reversal of the suspension of Terry James Thomas' driver's license. DPS presents two issues on appeal in which it claims that the court erred when it reversed the suspension because: (1) Thomas was not entitled to warnings under both chapters 724 and 522 of the Transportation Code,[1] and (2) the court did not have jurisdiction because there was no actual controversy before the court in that DPS did not seek to disqualify Thomas' commercial driving privileges, only his non-commercial driving privileges.

## FACTUAL AND PROCEDURAL BACKGROUND

On March 22, 1997, Thomas was arrested for driving while intoxicated. At the time of his arrest, Thomas was driving a 1994 Ford Escort. Thomas held a commercial driver's

license that allowed him to operate both commercial and non-commercial motor vehicles. *See* TEX. TRANSP. CODE ANN. § 522.041(e) (Vernon 1999). After his arrest, Thomas received the warnings required by chapter 724 and then was asked to give a breath specimen. *See* TEX. TRANSP. CODE ANN. § 724.015 (Vernon 1999). Thomas refused, and his license was suspended for ninety days. *See* TEX. TRANSP. CODE ANN. § 724.035(a)(1) (Vernon 1999).

Thomas requested a hearing regarding his suspension. Administrative Law Judge Tanya Cooper of the State Office of Administrative Hearings sustained Thomas' suspension. Thomas appealed. The Tarrant County Court at Law No. 3 reversed, holding that because Thomas was not warned about the statutory consequences of his refusal to give a breath specimen under both chapters 724 and 522, he did not make a knowing and voluntary refusal. DPS appeals the court's order.

## STANDARD OF REVIEW

When a person's driver's license is suspended for refusal to give a breath specimen, the holder may request and receive a hearing administered by the State Office of Administrative Hearings. TEX. TRANSP. CODE ANN. § 724.041 (Vernon 1999). If the suspension is upheld, the holder may appeal to a county court at law. TEX. TRANSP. CODE ANN. §§ 524.041(b), 724.047 (Vernon 1999).

A county court at law reviews the suspension of a driver's license under the substantial evidence rule. *Texas Dep't of Pub. Safety v. Lavender*, 935 S.W.2d 925, 929 (Tex.App.—Waco 1996, writ denied). When there is substantial evidence that supports the administrative agency's finding, the agency's order must stand. *Texas Dep't of Pub. Safety v. Guajardo*, 970 S.W.2d 602, 604 (Tex.App.—Houston [14th Dist.] 1998, no pet. h.). The issue on appeal is whether there is a reasonable basis in the record to support the agency's action, not whether the agency reached the correct conclusion. *Id.* at 605.

---

1. Chapter 724 of the Transportation Code applies to non-commercial motor vehicle drivers' licenses while chapter 522 applies to commercial mo-

tor vehicle drivers' licenses. Unless otherwise indicated, all references are to the Texas Transportation Code.

■ However, both issues in this appeal regard the interpretation of the Transportation Code and as such, are questions of law. *Southwestern Pub. Serv. Co./Pub. Util. Comm'n of Tex. v. Pub. Util. Comm'n of Tex.*, 962 S.W.2d 207, 212 (Tex.App.—Austin 1998, pet. denied). We exercise *de novo* review over questions of law. *In re Humphreys*, 880 S.W.2d 402, 404 (Tex.1994).

## CONSEQUENCES OF REFUSAL TO GIVE A BREATH SPECIMEN

■ DPS's first issue asserts that the county court at law committed error when it based its reversal of Thomas' suspension on the fact that Thomas should have been warned under both chs. 724 and 522 about the consequences of his refusal to give a breath specimen. DPS states that it did not seek to disqualify Thomas' commercial driving privileges, only his non-commercial driving privileges. DPS further claims that the relevant provisions in the Transportation Code do not allow it to disqualify Thomas' commercial driving privileges for an offense that is not committed while driving a commercial motor vehicle. Thus, Thomas was entitled only to the warnings under chapter 724 pertaining to non-commercial motor vehicles and not to the warnings under chapter 522 pertaining to commercial motor vehicles.

■ An officer must give a D.W.I. suspect certain statutory warnings before he can request a breath specimen from the suspect. TEX. TRANSP. CODE ANN. §§ 522.103, 724.015 (Vernon 1999). In order to ensure that a suspect's refusal is voluntary, the police must warn the suspect about the actual, direct, *statutory* consequences of the suspect's refusal. *Erdman v. State*, 861 S.W.2d 890, 894 (Tex.Crim.App.1993) (en banc).[2]

Thomas argues that his refusal to give a breath specimen was not voluntary because the police failed to warn him about *all* of the statutory consequences of his refusal. Thomas claims that it is irrelevant that DPS claimed it would not seek to disqualify his commercial driver's license because the Transportation Code permits a suspension of his non-commercial driver's license under chapter 724 to be the basis for his disqualification from driving commercial motor vehicles under chapter 522. Thus, the police are required to warn him about all of the statutory consequences of his refusal or his refusal is not voluntary.

■ The provision in question, section 522.089(a), states, "A suspension, revocation, cancellation, or denial of a driver's license or privilege under Chapter 521 or *another law of this state* disqualifies the person under this chapter." TEX. TRANSP. CODE ANN. § 522.089(a) (Vernon 1999) (emphasis added). If section 522.089(a) disqualifies a person for a longer period than the other law, the person is disqualified for the longer period. TEX. TRANSP. CODE ANN. § 522.089(b) (Vernon 1999). Our question is whether "another law of this state" refers only to offenses committed while driving a commercial motor vehicle or to offenses committed while driving either a non-commercial or commercial motor vehicle.

DPS claims that every offense that serves as a basis for disqualification under chapter 522 requires a person to be *driving a commercial motor vehicle* at the time of the offense. *See* TEX. TRANSP. CODE ANN. § 522.081 (Vernon 1999). According to DPS, the Legislature intended section 522.089(a) to allow for disqualification based upon a suspension under another law of this state, only if the suspension under the other law was

2. In *Erdman*, the Court of Criminal Appeals held that a police officer exceeded the required statutory warnings when he additionally told a D.W.I. suspect that if the suspect refused to give a breath specimen, he would be placed in jail that night and D.W.I. charges would be filed against him. *Id.* at 894. The suspect consented and his breath specimen indicated that he was legally intoxicated. *Id.* at 891. The Court stated that the police officer's warnings about the non-statutory consequences of refusal were of a kind that would normally result in considerable psycholog-

ical pressure and thus, would render the suspect's consent involuntary. *Id.* at 894.

Although our present situation is an inverse of the *Erdman* scenario—a suspect claims that his refusal was not voluntary because of what the police *failed* to say—*Erdman* is still relevant. Here, the police did not warn Thomas about all of the statutory consequences of his refusal, namely that his commercial driver's license could be suspended for one year, and thus rendering Thomas' refusal involuntary.

predicated upon acts that were committed while driving a commercial motor vehicle. DPS argues that the Legislature did not intend that section 522.089(a) bootstrap Thomas' ninety day suspension from driving non-commercial motor vehicles to a one year disqualification from driving commercial motor vehicles.

■■■■ When a statute is clear and unambiguous, the courts should give the statute its common meaning. *St. Luke's Episcopal Hosp. v. Agbor*, 952 S.W.2d 503, 505 (Tex. 1997). Courts must give full effect to a statute's terms and must take a statute as it finds it. *Id.* There is an exception to this rule, when the application of the statute's plain meaning would lead to an absurd result that the Legislature could not possibly have intended, the courts should not apply the statute literally and may consider other textual sources. *Brown v. State*, 955 S.W.2d 276, 282–83 (Tex.Crim.App.1997) (en banc); *Tex. Dep't of Pub. Safety v. Butler*, 960 S.W.2d 375, 377 (Tex.App.—Houston [14th Dist.] 1998, no pet.).

The plain language of the statute states that if a person's driver's license is suspended under "another law of this state," that person is disqualified from driving commercial motor vehicles for up to one year. Tex. Transp. Code Ann. § 522.089(a) (Vernon 1999). The statute does not state that in order for a suspension under "another law of this state" to result in disqualification, the person must be driving a commercial motor vehicle at the time of their suspension. The statute simply and plainly states that if a person's license is suspended under "another law of this state," that person is disqualified under chapter 522. *Id.*

DPS's interpretation that section 522.089(a) applies only to offenses committed while driving a commercial motor vehicle would yield absurd results. Applying DPS's interpretation would result in Thomas being suspended for ninety days from driving non-commercial motor vehicles but free during his suspension to drive commercial motor vehicles. DPS justifies this because Thomas drove a non-commercial motor vehicle at the time of his offense. This stretches the bounds of logic. If the Legislature enacted a provision that suspended Thomas from driving a non-commercial motor vehicle for ninety days, then surely the Legislature intended that Thomas not be allowed to drive a commercial motor vehicle during his suspension. We hold that the plain meaning of section 522.089(a) does not require that suspensions be predicated upon offenses committed while driving a commercial motor vehicle in order for the suspensions to be the basis for disqualification under chapter 522. Thus, we hold that because the police did not adequately warn Thomas of all the actual, direct, and statutory consequences of his refusal to give a breath specimen, his refusal was involuntary.

We overrule DPS's first issue.

### NO ACTUAL CONTROVERSY, NO JURISDICTION

■■■■ DPS's second issue states that there is no actual controversy before this court and therefore this court does not have jurisdiction because it did not attempt to disqualify Thomas under chapter 522 nor could it disqualify Thomas under chapter 522. DPS states that chapter 522 does not allow for Thomas' disqualification based upon his suspension from driving a non-commercial motor vehicle so there is no actual controversy before this court. For the reasons mentioned above, Thomas faced disqualification under chapter 522. Although DPS chose not to pursue disqualification, it still existed as a statutory consequence of Thomas' refusal to give a breath specimen. We overrule DPS' second issue and hold that there was an actual controversy before this court and that we have jurisdiction over this matter.

We affirm the judgment of the county court at law.