TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant,

v.

Joseph W. JACKSON, Appellee.

No. 14–01–00539–CV.

Court of Appeals of Texas, Houston (14th Dist.).

March 7, 2002.

Elvis G. Schulze, Austin, for appellants.

M. Bruce Fort, Texas, for appellees.

Panel consists of Justices ANDERSON, HUDSON, and FROST.

## OPINION

ANDERSON, Justice.

Appellant, Texas Department of Public Safety ("DPS"), appeals the trial court's order reversing the administrative decision authorizing the suspension of appellee's, Joseph W. Jackson's ("Jackson"), driving privileges. At issue in this case is whether Jackson was entitled to warnings regarding the effect on his commercial license of

refusal to give a breath specimen even though he was not driving a commercial vehicle when he was pulled over. We reverse and render.

## FACTUAL AND PROCEDURAL BACKGROUND

Jackson was arrested on October 1, 2000, and charged with driving while intoxicated. Before being requested to give a breath specimen, Jackson was read the statutory warnings set forth under section 724.015 of the Texas Transportation Code ("TTC"),[1] regarding the effects on a person's motor vehicle license of refusal to give a breath specimen. Jackson refused, his license was suspended, and an administrative hearing ensued. At the hearing, Jackson argued that he should have been given the additional warnings listed under section 522.103 of the TTC,[2] regarding the effect of refusal to give a specimen on a person's commercial vehicle license. His contention is based on the fact he holds a commercial vehicle license.[3] The Administrative Law Judge ("ALJ") authorized the suspension of Jackson's license for ninety days. Because the audiotape of this hearing is inaudible, there is no record of the administrative hearing.

Jackson appealed the suspension of his license. Because it did not have a record of the administrative proceeding, the trial court heard testimony from the ALJ who presided over the administrative hearing. The trial court set aside the order suspending Jackson's license.

## POINTS OF ERROR PRESENTED ON APPEAL

DPS argues the trial court erred in reversing the suspension of Jackson's driver's license because: (1) Jackson was not entitled to the warnings listed under section 522.103 of the TTC; (2) DPS proved the elements set out in section 724.042 of the TTC and was entitled to judgment as a matter of law; (3) there was no evidence that but for allegedly insufficient warnings, Jackson would not have refused the test; and (4) the trial court erred in attempting to re-create the administrative record. Because we sustain DPS' first point of error, it is unnecessary for us to address its third point of error.

## STANDARD OF REVIEW

Judicial review of a decision made by an ALJ under Chapter 542 of the TTC is governed by section 2001.174 of the Administrative Procedure Act. *Tex. Dep't of*

1. Section 724.015 requires that, before requesting a breath specimen, the officer shall inform the person orally and in writing that: if the person refuses to submit to the taking of the specimen,
    (1) that refusal may be admissible in a subsequent prosecution;
    (2) the person's license to operate a motor vehicle will be automatically suspended, whether or not the person is subsequently prosecuted as a result of the arrest, for not less than 180 days.
    (Vernon Supp.2002).

2. Section 522.103 states:
    (1) A peace officer requesting a person to submit a specimen under Section 522.102 shall warn the person that a refusal to submit a specimen will result in the person's

being immediately placed out of service for 24 hours and being disqualified from driving a commercial motor vehicle for at least one year under Section 522.081.
    (2) *A peace officer requesting a person to submit a specimen under Section 522.102 is not required to comply with Section 724.015.*
    (Vernon Supp.2002) (emphasis added).

3. DPS and Jackson signed and filed stipulations with the trial court. Both stipulated that there was argument at the administrative hearing regarding whether Jackson was entitled to the warnings listed under Chapter 522. In addition, the parties stipulated that the case was submitted on paperwork and the audiotape of the hearing was inaudible.

*Pub. Safety v. Monroe*, 983 S.W.2d 52, 54 (Tex.App.—Houston [14th Dist.] 1998, no pet.). A reviewing court "may not substitute its judgment for the judgment of a State agency on the weight of the evidence on questions committed to the agency's discretion . . . and shall reverse or remand the case for further proceedings if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are: (A) in violation of a constitutional or statutory provision; (B) in excess of the agency's statutory authority; (C) made through unlawful procedure; (D) affected by other error of law; (E) not reasonably supported by substantial evidence considering the reliable and probative evidence in the record as a whole; or (F) arbitrary or capricious or characterized as an abuse of discretion or a clearly unwarranted exercise of discretion." Tex. Gov't Code Ann. § 2001.174 (Vernon 2000).

■ Review of an ALJ's suspension of driving privileges is made under a substantial evidence review. *Mireles v. Tex. Dep't of Pub. Safety*, 9 S.W.3d 128, 131 (Tex.1999). Under a substantial evidence review, the reviewing court cannot substitute its judgment for that of the ALJ and must affirm if the ALJ's decision is supported by more than a scintilla of evidence. *R.R. Comm'n of Tex. v. Torch Operating Co.*, 912 S.W.2d 790, 792 (Tex.1995). In determining whether the ALJ reached the correct conclusion, the issue is whether the record contains some reasonable basis for that decision. *Id.* Whether the order of an administrative agency is supported by substantial evidence is a question of law. *Tex. Dep't of Pub. Safety v. Valdez*, 956 S.W.2d 767, 769 (Tex.App.—San Antonio 1997, no writ) (citations omitted). Thus, we review the trial court's judgment under a substantial evidence review *de novo*. *Id.*

■ Furthermore, when the issue on appeal is a question of law, we exercise *de novo* review. *Tex. Dep't of Pub. Safety v. Thomas*, 985 S.W.2d 567, 569 (Tex.App.—Waco 1998, no pet.) (citing *In re Humphreys*, 880 S.W.2d 402, 404 (Tex.1994)). An issue involving the interpretation of a statute involves a question of law, and, as such, we review these issues *de novo*. *Id.* (citations omitted).

## CHAPTER 522 WARNINGS

DPS asserts that Jackson was not entitled to the warnings listed under section 522.103 of the TTC regarding the effect on commercial driver's licenses of refusal to give a specimen. DPS argues that section 522.103 warnings are only required when the person stopped holds a commercial driver's license *and* is driving a commercial vehicle when stopped. Jackson holds a commercial vehicle license, but was not driving a commercial vehicle when stopped. Therefore, DPS argues, the trial court erred when it held that Jackson was entitled to such warnings and reversed the order suspending Jackson's driver's license. We agree.

■ In construing this statute, our objective is to determine and give effect to the legislature's intent. *See Nat'l Liab. & Fire Ins. Co. v. Allen*, 15 S.W.3d 525, 527 (Tex.2000). We presume that the legislature intended the plain meaning of its words. *Id.* If possible, we must ascertain the legislature's intent from the language it used in the statute and not look to extraneous matters for an intent the statute does not state. *Id.*

■ Section 522.102 states that it and section 522.103 apply only to persons stopped or detained *while* driving a commercial motor vehicle. Tex. Trans. Code Ann. § 522.102(c) (emphasis added); *see also Texas Dep't of Pub. Safety v. McGlaun*, 51 S.W.3d 776, 779 (Tex.App.—

Fort Worth 2001, pet. denied) (holding that a warning given under section 724.015 encompasses all motor vehicle licenses and is sufficient to provide notice that a commercial license could be suspended for refusal to give a breath specimen); *Texas Dep't of Pub. Safety v. Chavez,* 981 S.W.2d 449, 452 (Tex.App.—Fort Worth 1998, no pet.) (holding section 522.103 warnings are only required to be given when a suspect is driving a commercial vehicle when stopped); *but see Texas Dep't of Pub. Safety v. Thomas,* 985 S.W.2d 567, 570 (Tex.App.—Waco 1998, no pet.) (holding that the police must give both warnings, as provided in 724.015 and 522.103, in order to warn a suspect about all of the statutory consequences of refusal to give a specimen).

Jackson refers this Court to *Thomas* to assist us in our resolution of this point of error. 985 S.W.2d 567. In *Thomas,* the Waco Court of Appeals held that the police must give both warnings, 724.015 and 522.103, in order to warn a suspect about all of the statutory consequences of refusal to give a specimen. *Id.* at 570. DPS' argument in *Thomas* for why the suspect was not entitled to be given the warnings set forth under section 522.103 differs from the one it offers in this case.

In *Thomas,* DPS argued that the suspect was not entitled to be given the warnings under section 522.103 because his commercial driver's license was not suspended for his refusal to give a breath specimen. DPS asserted that the legislature only intended a person's commercial driver's license to be suspended for refusal to give a specimen if the individual were driving a commercial vehicle at the time the individual was stopped. *Id.* at 569–70. Because Thomas was not driving a commercial vehicle at the time he was stopped, his commercial license would not be suspended and he was not entitled to be given

those warnings. *Id.* The *Thomas* court rejected this argument, finding that DPS' interpretation of Chapter 522 would yield absurd results. *Id.* at 570. For example, in that case, Thomas would be suspended from driving non-commercial vehicles for ninety days, but, during the same time, free to drive commercial vehicles. *Id.*

We agree with the *Thomas* court that DPS' argument in that case would yield absurd results. However, we do not agree that a suspect is entitled to be given the warnings under both sections 724.015 and 522.103. A plain reading of 522.102 is that the warnings set forth under section 522.103 are only required to be given when a suspect is stopped while driving a commercial vehicle. Jackson was not driving a commercial vehicle at the time he was stopped. Therefore, under a plain reading of section 522.102, Jackson was not entitled to be given the warnings under section 522.103. We sustain DPS' first point of error.

### SECTION 724.042 ELEMENTS

In order to uphold a license suspension, an ALJ must find that DPS proved by a preponderance of the evidence the elements set forth in section 724.042 of the TTC. *Monroe,* 983 S.W.2d at 55. On appeal, the reviewing court must find that there is substantial evidence in the record to support a positive finding on each element. *Id.* DPS argues that the trial court erred in reversing the suspension of Jackson's license because DPS proved the required elements by a preponderance of the evidence. Jackson does not dispute that DPS affirmatively established the elements set forth in section 724.042 of the TTC. Instead, Jackson presents the same argument he asserted in response to DPS' first point of error: the warnings Jackson was given were insufficient because he was not given section 522.103 warnings. Be-

cause of our resolution of DPS' first point of error and because Jackson does not dispute that DPS met its burden regarding the elements set out in section 724.042, we sustain this point of error.

## ADMINISTRATIVE RECORD

■ DPS asserts the trial court erred in subpoenaing the ALJ in an attempt to create an administrative record and in conducting a *de novo* evidentiary hearing of the license suspension.

Section 2001.175 of the Administrative Procedure Act ("APA") sets forth the procedures for filing a record of an administrative hearing when an agency's action is presented for review under the substantial evidence rule. TEX. GOV'T CODE ANN. § 2001.175 (Vernon 2000). A court reviewing an agency's action under the substantial evidence rule is confined to the record. *Id.* § 2001.175(e). These procedures and requirements are not applicable when the subject of the complaint is presented for review *de novo*. *Id.* § 2001.175(a).

The issue presented on appeal in this case involves statutory interpretation. DPS concedes that this is a question of law. Questions of law are reviewed *de novo*. *Thomas,* 985 S.W.2d at 569 (citing *In re Humphreys,* 880 S.W.2d at 404). Therefore, the procedures and restrictions set out in section 2001.0175 of the APA were not applicable. We overrule DPS' final point of error.

## CONCLUSION

We reverse the order of the trial court reversing the administrative decision authorizing suspension of Jackson's license, and affirm the administrative order suspending Jackson's driving privileges.