# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00274-CR

**John Milburn Franco, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE COUNTY COURT AT LAW OF COMAL COUNTY
### NO. 2000CR0743, HONORABLE DON B. MORGAN, JUDGE PRESIDING

A jury found appellant John Milburn Franco guilty of driving while intoxicated. *See* Tex. Pen. Code Ann. § 49.04 (West Supp. 2002). The court assessed punishment at incarceration for 180 days and a $2000 fine, but suspended imposition of sentence and placed Franco on community supervision. In two points of error, Franco urges that the court erred by admitting in evidence the results of alcohol concentration and field sobriety tests.[1] We will affirm the conviction.

Deputy Weldon Campbell stopped Franco's pickup truck for a traffic violation on May 20, 2000. Based on his observations and Franco's performance on three field sobriety tests, the officer arrested Franco for DWI. Franco later took a breath test, which showed that he had an alcohol concentration of 0.22.

---

[1] The State did not file a brief responding to Franco's arguments.

The information alleged that Franco was intoxicated under both statutory definitions: because he did not have the normal use of his mental or physical faculties by reason of the introduction of alcohol into the body and because he had an alcohol concentration of 0.08 or more. Tex. Pen. Code Ann. § 49.01(2)(A), (B) (West Supp. 2002). The jury was authorized to convict Franco on both allegations and returned a general verdict of guilty.

By his first point of error, Franco contends the trial court erred by overruling his motion to suppress the intoxilyzer test results. Franco argues that he did not knowingly and voluntarily consent to the breath test because he was not admonished regarding the full range of statutory consequences that flow from a refusal to take the test.

A person arrested for an offense arising out of acts alleged to have been committed while operating a motor vehicle in a public place while intoxicated is deemed to have consented to submit specimens of his breath or blood for alcohol concentration analysis. Tex. Transp. Code Ann. § 724.011 (West 1999). A person asked to submit a specimen must be given certain admonishments. *Id*. § 724.015 (West Supp. 2002). If a person's consent to a breath test is induced by an officer's misstatement of the consequences flowing from a refusal to take the test, the consent is not voluntary and the test result is inadmissible in evidence. *Erdman v. State*, 861 S.W.2d 890, 893-94 (Tex. Crim. App. 1993); *State v. Sells*, 798 S.W.2d 865, 867 (Tex. App.—Austin 1990, no pet.); *see* Tex. Code Crim. Proc. Ann. art. 38.23(a) (West Supp. 2002).

As it read in May 2000, section 724.015 required that Franco be informed that if he refused to give a specimen (1) the refusal might be admissible in a subsequent prosecution and (2) his driver's license would be automatically suspended for not less than ninety days. Act of June 1,

2

1997, 75th Leg., R.S., ch. 1013, § 34, 1997 Tex. Gen. Laws 3686, 3698 (Tex. Trans. Code Ann. § 724.015(1), (2)(A) (since amended)). Franco admits that he was admonished in accordance with section 724.015. He argues, however, that because he holds a commercial driver's license, he should have been admonished that a refusal to submit a specimen would result in his being disqualified from driving a commercial motor vehicle for at least one year. *See* Tex. Transp. Code Ann. § 522.103(a) (West Supp. 2002); *see also id*. § 522.102(a).[2]

Two other courts of appeals have confronted the same contention. The Fort Worth Court of Appeals concluded that sections 522.102 and 522.103 applied only when a person is arrested or detained while driving a commercial vehicle. *Texas Dep't of Pub. Safety v. Chavez*, 981 S.W.2d 449, 452 (Tex. App.—Fort Worth 1998, no pet.). Thus, a commercial license holder who was detained while driving a noncommercial vehicle was not entitled to the warnings contained in section 522.103. *Id*. The Waco Court of Appeals reached the opposite conclusion. *Texas Dep't of Pub. Safety v. Thomas*, 985 S.W.2d 567, 570 (Tex. App.—Waco 1998, no pet.). That court held that a commercial license holder should have been given the section 522.103 warnings even though he was

---

[2] "A person who drives a commercial motor vehicle in this state is considered to have consented . . . to the taking of one or more specimens of the person's breath . . . for the purpose of analysis to determine the person's alcohol concentration." Tex. Transp. Code Ann. § 522.102(a) (West Supp. 2002). When a person is asked to "submit a specimen under Section 522.102," he must be told that a refusal will result in his being disqualified from driving a commercial motor vehicle for at least one year. *Id*. § 522.103(a). In 2001, section 522.102 was amended to expressly state that it and section 522.103 apply only to a person who is stopped or detained while driving a commercial vehicle. *Id*. § 522.102(c). Franco's case, and the other cases discussed in this opinion, arose before the 2001 amendment.

detained while driving a noncommercial vehicle, and that the failure to do so rendered his refusal to submit a specimen involuntary. *Id*.

In both *Chavez* and *Thomas*, the drivers *refused* to submit a specimen. *Chavez*, 981 S.W.2d at 451; *Thomas*, 985 S.W.2d at 568. It is reasonable to conclude, as the court did in *Thomas*, that a driver cannot knowingly and voluntarily refuse to submit a specimen if he is not told the full statutory consequences of refusing. Franco, however, *agreed* to submit a specimen. This is a critical factual distinction. Even if sections 522.102 and 522.103, as they read before the 2001 amendments, applied to Franco, the officer's failure to admonish him pursuant to section 522.103 could not have rendered his agreement to take the test involuntary.

In *Erdman*, a driver agreed to take a breath test after being erroneously told that if he refused he would be charged with DWI and immediately incarcerated. *Erdman*, 861 S.W.2d at 891. Similarly, the driver in *Sells* agreed to take a breath test after being erroneously informed that if he refused he "would automatically be charged and incarcerated." *Sells*, 798 S.W.2d at 866. In both cases, the driver's agreement was induced or coerced by the officer having erroneously exaggerated the consequences of a refusal. *Erdman*, 861 S.W.2d at 894; *Sells*, 798 S.W.2d at 867. In the case before us, Franco was told that if he refused to submit a specimen of breath or blood, his driver's license would be suspended for at least ninety days. Arguably, he also should have been told that a refusal would result in the loss of his commercial driving privilege for at least one year. But Franco cannot plausibly argue that his decision to take the breath test was induced or coerced by the officer *understating* the consequences of a refusal. If Franco was willing to take a breath test after being told

4

that he would lose his driver's license for ninety days if he refused, it logically follows that he would have been willing to take the test if he had also been told that a refusal would result in the additional loss of his commercial license for one year.

We hold that Franco has not shown that his agreement to take the intoxilyzer test was induced or coerced by the officer's alleged misstatement of the statutory consequences of a refusal. Point of error one is overruled.

In his second point of error, Franco urges that the court erroneously admitted the results of the horizontal gaze nystagmus (HGN) test because it was not shown to have been properly administered. *See Emerson v. State*, 880 S.W.2d 759, 768-70 (Tex. Crim. App. 1994); *O'Connell v. State*, 17 S.W.3d 746, 747-48 (Tex. App.—Austin 2000, no pet.); *see also Kelly v. State*, 824 S.W.2d 568, 573 (Tex. Crim. App. 1992). As previously noted, the jury returned a general verdict of guilty after being instructed on both statutory definitions of intoxication. The trial court properly admitted evidence that Franco's alcohol concentration was 0.22, well above the statutory threshold for intoxication per se. Tex. Pen. Code Ann. § 49.01(2)(B). With regard to the "normal use of faculties" definition, the jury heard, in addition to the HGN test results, the officer's description of Franco's intoxicated behavior and saw a videotape of Franco performing the roadside sobriety tests. The jury also saw a videotape of Franco at the police station following his arrest. Under the circumstances, any error in the admission of the HGN test results did not affect Franco's substantial rights. Tex. R. App. P. 44.2(b); Tex. R. Evid. 103(a). Point of error two is overruled.

5

The judgment of conviction is affirmed.

_____

Bea Ann Smith, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Puryear

Affirmed

Filed:   April 4, 2002

Publish