NUMBER
13-01-230-CV

 

                             COURT
OF APPEALS

 

                   THIRTEENTH
DISTRICT OF TEXAS

 

                                CORPUS
CHRISTI

___________________________________________________________________

 

TEXAS DEPARTMENT OF PUBLIC SAFETY,                             Appellant,

 

                                                   v.

 

STEVE DOUGLAS STRUVE,                                                    Appellee.

___________________________________________________________________

 

             On
appeal from the County Court of Bee County,
Texas.

__________________________________________________________________

 

                                   O
P I N I O N

 

                    Before
Justices Dorsey, Yañez, and Rodriguez

                                Opinion
by Justice Rodriguez

 








Texas Department of Public Safety (DPS) brings this appeal
following a final order reversing the suspension of Steve Douglas Struve=s driving
privileges.  By three issues, DPS
generally contends the trial court erred in reversing the suspension because:
(1) Struve was not entitled to the statutory warning provided under section
522.103 of the transportation code; (2) all of the elements of section 724.042
of the transportation code were proved by DPS; and (3) there is no evidence
Struve was coerced or not fully informed about the consequences of refusing to
submit a breath specimen.

Additionally, Struve contends by two cross-points that the
trial court should have reversed the suspension because: (1) he was denied due
process in the administrative hearing; and (2) there was no evidence to support
the suspension order.  We reverse and
render.








On July 2, 2000, Struve was arrested for driving while
intoxicated.  Struve has a commercial
driver=s license,
however, he was driving a personal motor vehicle at the time of his
arrest.  Prior to being asked for a
breath specimen, Struve was given the statutory warnings as provided under
section 724.015 of the Texas Transportation Code.[1]  Struve refused to provide a specimen and his
license was subsequently suspended by the DPS for ninety days.  Struve requested a hearing to challenge the
suspension.  Following the hearing, the
administrative law judge (ALJ) authorized the ninety-day suspension.  Struve appealed the ALJ decision to the
County Court of Bee County.  The court
reversed the ALJ=s decision and
lifted Struve=s suspension
based on evidence that Struve was not given the additional warning as provided
in section 522.103 of the transportation code.[2]  This appeal ensued.

                                                    I.  WARNINGS

In its first issue, DPS contends the warning found in section
522.103 applies only to drivers who are driving commercial motor vehicles at
the time of arrest.  Because Struve was
not driving a commercial motor vehicle, DPS asserts the arresting officer was
not required to give the warning concerning the effect his refusal would have
on his commercial driving privileges.

A.  Standard of Review








Review of an ALJ=s suspension of
driving privileges is made under a substantial evidence standard.  Mireles v. Tex. Dep=t of Pub.
Safety,
9 S.W.3d 128, 131 (Tex. 1999).  Under a
substantial evidence review, the reviewing court cannot substitute its judgment
for that of the ALJ and must affirm if the ALJ=s decision is supported by more than a
scintilla of evidence.  R.R. Comm=n of Tex. v.
Torch Operating Co., 912 S.W.2d 790, 792 (Tex. 1995).  The issue for the reviewing court is not
whether the ALJ made a correct decision, but rather whether there is some
reasonable basis in the record for the action taken by the ALJ.  Id.; Tex. Dep=t of Pub.
Safety v. Bell, 11 S.W.3d 282, 283 (Tex. App.BSan Antonio 1999, no pet.).  Thus, we review the trial court=s judgment
under a substantial evidence review de novo.  Tex. Dep=t of Pub.
Safety v. Valdez, 956 S.W.2d 767, 769 (Tex. App.BSan Antonio 1997, no writ).  Furthermore, matters of statutory
interpretation are questions of law, over which we exercise de novo review.  See Tex. Dep=t of Pub.
Safety v. Lafleur, 32 S.W.3d 911, 915 (Tex. App.BTexarkana 2000, no pet.); S.W. Pub.
Serv. Co./Pub. Util. Comm=n of Tex. v.
Pub. Util. Comm=n of Tex., 962 S.W.2d
207, 212 (Tex. App.BAustin 1999,
pet. denied). 

B.  Discussion








An officer must give a driving while intoxicated suspect
certain statutory warnings before he can request a breath specimen.  See Act effective Sept. 1, 1995, 74th
Leg., R.S., ch. 165, ' 1, 1995 Tex.
Gen. Laws 1591 (amended 2001) (current version at Tex. Transp. Code Ann. ' 522.103(a) (Vernon Supp. 2002)); Act
effective Sept. 1, 1995, 74th Leg., R.S., ch. 165, ' 1, 1995 Tex.
Gen. Laws 1821 (amended 1997) (current version at Tex. Transp. Code Ann. ' 724.015 (Vernon Supp.
2002)); Tex. Dep=t of Pub.
Safety v. McGlaun, 51 S.W.3d 776, 778 (Tex. App.BFort Worth 2001, pet. denied).  The warnings provide the suspect with actual,
direct, and statutory consequences if the suspect refuses to provide a
specimen.  McGlaun, 51 S.W.3d at
778 (citing Erdman v. State, 861 S.W.2d 890, 894 (Tex. Crim. App.
1993)).  This ensures the suspect=s refusal is
voluntary.  Id.

Struve relies onTex. Dep=t of Pub.
Safety v. Thomas, 985 S.W.2d 567 (Tex. App.BWaco 1998, no pet.), wherein the court
held police must give both warnings, as provided in sections 724.015 and
522.103, in order to warn a suspect about all of the statutory consequences of
refusal to give a specimen.  See id.
at 570; but see Tex. Dep=t of Pub.
Safety v. Chavez, 981 S.W.2d 449, 452 (Tex. App.BFort Worth 1998, no pet.) (holding section
522.103 warnings are only required to be given when a suspect is driving a
commercial vehicle when stopped); see also McGlaun, 51 S.W.3d at 778-79
(holding that a warning under section 724.015 encompasses all motor vehicle
licenses and is sufficient to provide notice that a commercial driver=s license could
be suspended for refusal to provide a breath specimen).[3]








The plain reading of section 724.015(2) provides that if a
person refuses to provide a specimen, Athe person=s license to operate
a motor vehicle will be automatically suspended. . . .@  See Act effective Sept. 1, 1995, 74th
Leg., R.S., ch. 165, ' 1, 1995 Tex.
Gen. Laws 1821 (amended 1997) (emphasis
added).  Under chapter 522, a commercial motor vehicle
is defined as Aa motor
vehicle or combination of motor vehicles used to transport passengers or
property. . . .@  See Act effective Sept. 1, 1995, 74th
Leg., R.S., ch. 165, ' 1, 1995 Tex.
Gen. Laws 1579 (amended 2001) (current version at Tex. Transp. Code Ann. ' 522.003(5) (Vernon Supp. 2002)) (emphasis
added).  Based on the plain language of
the statutes, the warning under section 724.015 encompasses all motor vehicles,
including a commercial motor vehicle.  McGlaun,
51 S.W.3d at 778; Chavez, 981 S.W.2d at 453.  Therefore, because Struve was given the
warning under section 724.015, he had notice that his license to operate a
motor vehicle, either commercial or personal, would be suspended for at least
ninety days.  See Act effective Sept. 1, 1995, 74th
Leg., R.S., ch. 165, ' 1, 1995 Tex.
Gen. Laws 1821 (amended 1997); McGlaun, 51 S.W.3d at 778.








Furthermore, the fact that Struve was not given the section
522.103 warning that his commercial driver=s license could
be suspended for up to one year is immaterial because that suspension would
apply only if he was stopped while driving a commercial motor vehicle.  See Act effective Sept. 1, 1995, 74th
Leg., R.S., ch. 165, ' 1, 1995 Tex.
Gen. Laws 1589 (amended 2001) (current version at Tex. Transp. Code Ann. ' 522.081(b)(5)
(Vernon Supp. 2002)).[4]  Therefore, DPS was not required to give
Struve the warnings set forth in section 522.103.  The warnings Struve was given pursuant to
section 724.015 were sufficient under the circumstances to comply with both
chapters 522 and 724 of the transportation code.  McGlaun, 51 S.W.3d at 779.  Accordingly, we sustain DPS=s first issue.[5]

II.  CROSS-POINT 1

A.  Due Process

By his first cross-point, Struve contends the trial court
should have reversed the ALJ decision because he was denied due process during
the administrative hearing. 
Specifically, Struve argues that he was neither allowed to (1) inspect
the official file in the proceeding, nor (2) call DPS=s attorney as a
witness.  He also argues that the ALJ
erred in denying his third motion for continuance.[6]

B.  Standard of Review








The decision to grant a continuance rests within the sound
discretion of the ALJ.  1 Tex. Admin. Code ' 159.11(e)
(1999); State v. Crank, 666 S.W.2d 91, 94 (Tex. 1984); Tex. Dep=t of Pub.
Safety v. Cantu, 944 S.W.2d 493, 496 n.3 (Tex. App.BHouston [14th
Dist.] 1997, no pet.).  Absent a clear
abuse of discretion, we will not disturb an ALJ=s decision to deny a motion for
continuance.  See Crank,
666 S.W.2d at 94; Guerro-Ramirez v. Tex. State Bd. of Med. Exam=rs, 867 S.W.2d
911, 916 (Tex. App.BAustin 1993, no
writ).  There is no mechanical test for
determining when the denial of a continuance is so arbitrary as to violate due
process.  Ungar v. Sarafite, 376
U.S. 575, 589 (1964); Guerro-Ramirez, 867 S.W.2d at 916.  Rather, the reviewing court must consider the
circumstances presented to the ALJ at the time the request is denied.  See Ungar, 376 U.S. at 589.  The ultimate test of due process of law in an
administrative hearing is the presence or absence of rudiments of fair play
long known to our law.  Crank, 666
S.W.2d at 94; Tex. Dep=t of Pub.
Safety v. Monroe, 983 S.W.2d 52, 56 (Tex. App.BHouston [14th Dist.] 1998, no pet.); Guerro-Ramirez,
867 S.W.2d at 916.

C.  Discussion

It appears Struve=s main concern
is that because his third motion for continuance was denied, Struve and his
wife were not able to attend the administrative hearing.  The record indicates that Struve=s second motion
for continuance was granted on August 29, 2000. 
The hearing was reset for September 26, 2000.  Struve filed his third motion for continuance
on September 21, 2000.  In the motion,
Struve stated he and his wife would be in Las Vegas on September 26, 2000.








We fail to see how the ALJ abused his discretion in denying the
continuance.  See Ungar, 376 U.S.
at 589.   Struve waited until five days
before the date of the hearing to request a continuance.  In his motion, Struve did not indicate
exactly when he  purchased the airline
tickets for Las Vegas, but only that they were purchased prior to receiving
notice of the September 26 hearing date. 
Further, Struve should have supplied three alternative dates for a hearing
in his second motion for continuance, especially if Struve knew he would be in
Las Vegas on September 26.  See 1 Tex. Admin. Code '
159.11(e).  Finally, if Struve knew he
would not be able to personally appear for the hearing on September 26, he
could have requested a telephone hearing so that he could still participate.  See id. at ' 159.25.  In light of the totality of the circumstances
and events that occurred before making the decision not to reset the hearing
date, see Guerro-Ramirez, 867 S.W.2d at 916, we conclude the ALJ
did not abuse his discretion in denying Struve=s third motion for continuance.  The denial was neither arbitrary nor
unreasonable, and it did not violate Struve=s constitutional rights.  See United States v. Hughey, 147 F.3d
423, 431 (5th Cir. Tex. 1998). 
Accordingly, Struve=s first
cross-point is overruled.

III.  CROSS-POINT 2

By his second cross-point, Struve contends the police officer=s sworn report
should not have been admitted as evidence because DPS failed to lay a proper
predicate for its admissibility. 
Specifically, Struve argues the report should have been excluded because
DPS did not establish the arresting officer as an expert in the determination
of sobriety, and because the arresting officer=s sworn report contains hearsay.[7]








A.  Standard of Review

Whether to admit or exclude evidence is within the trial court=s sound
discretion.  See City of Brownsville
v. Alvarado, 897 S.W.2d 750, 753 (Tex. 1995).  On appeal, we will review a trial court=s evidentiary
decisions by an abuse of discretion standard. 
See Jackson v. Van Winkle, 660 S.W.2d 807, 809 (Tex. 1983); see
also Cavazos  v. State, 969 S.W.2d
454, 456 (Tex. App.BCorpus Christi
1998, pet. ref=d).  An administrative decision regarding the
admission or exclusion of evidence is reviewed under the same standard.  See Tex. Dep=t of Pub.
Safety
v. Mendoza, 956 S.W.2d 808, 810 (Tex. App.BHouston [14th Dist.] 1997, no pet.).

B.  Expert Predicate

Struve contends the arresting officer=s report should
have been excluded because the officer was not qualified as an expert under
rule 702 of the Texas Rules of Evidence. 
See Tex. R. Evid. 702 (expert
must be qualified by knowledge, skill, experience, training, or education).








A police officer does not need to be an expert to express an
opinion as to whether a person he observed is intoxicated.  See Tex.
R. Evid. 701; Emerson v. State, 880 S.W.2d 759, 763 (Tex. Crim.
App. 1994); Vaughn v. State, 493 S.W.2d 524, 525 (Tex. Crim. App.
1972).  However, if the officer bases his
opinion not only on observations, but also on his training and experience, then
his qualifications must be established under rule 702.  See Riley v. State, 988 S.W.2d 895,
899 (Tex. App.BHouston [14th
Dist.] 1999, no pet.).  In this instance,
there is no indication in the officer=s sworn report
that his opinion of Struve=s intoxication
was based on training and experience. 
Furthermore, unlike the horizontal gaze nystagmus test (HGN), the
walk-and-turn and one-leg stand tests are not based on any novel scientific
theory.  In Emerson v. State, 880
S.W.2d 759 (Tex. Crim. App. 1994), the court of criminal appeals held
that because of the scientific nature of the HGN test, a testifying officer
must be qualified as an expert in both the administration and technique of the
test.  Id. at 769.  However, in this instance, the ALJ did not
rely on the HGN evidence in reaching its decision.  The evidence relied upon by the ALJ in the
sworn report was admissible because it was based on lay opinion observations.  Therefore, we find the ALJ did not abuse his
discretion in admitting the officer=s sworn
report.  See Alvarado, 897 S.W.2d
at 753.

C.  Hearsay

Finally, Struve argues that the ALJ should not have admitted
the officer=s sworn report
because it did not fall under the public records exception to the hearsay
rule.  See Tex. R. Evid. 803(8).[8]













After a person has been arrested and has refused to submit to a
breath test, a peace officer is required to submit a written report of the
refusal to the director of the Department of Public Safety.  See Tex.
Transp. Code Ann. ' 724.032 (Vernon
1999).  In this instance, the arresting
officer submitted form DIC-23, a probable cause affidavit, to the
director.  The affidavit contained
observations and factual findings resulting from the arresting officer=s
investigation, and nothing indicated that the sources of the information lacked
trustworthiness.  See Tex. R. Evid. 803(8)(B-C).  Therefore,
we find the DIC-23 form was properly admitted under the public records
exception.  See Tex. Dep=t of Pub.
Safety v. Silva, 988 S.W.2d 873, 876 (Tex. App.BSan Antonio 1999, pet. denied); Tex.
Dep=t of Pub.
Safety v. Gratzer, 982 S.W.2d 88, 90 (Tex. App.BHouston [1st Dist.] 1998, no pet.);Tex.
Dep=t of Pub.
Safety v. Duggin, 962 S.W.2d 76, 80 (Tex. App.BHouston [1st Dist.] 1997, no pet.); see
also 1 Tex. Admin. Code ' 159.23(c)(7) (1999).[9]  The ALJ did not abuse his discretion in
admitting the officer=s sworn report.
 See Alvarado, 897 S.W.2d at
753.  Struve=s second
cross-point is overruled.

IV.  CONCLUSION

Accordingly, we reverse the order of the county court and
render judgment upholding the administrative decision.

 

NELDA
V. RODRIGUEZ

Justice

 

Publish.

Tex.
R. App. P.
47.3.

 

Opinion delivered and
filed

this 20th day of June,
2002.

 











[1]Section
724.015 of the transportation code provides:

 

Before
requesting a person to submit to the taking of a specimen, the officer shall
inform the person orally and in writing that:

 

(1)
if the person refuses to submit to the taking of the specimen, that refusal may
be admissible in a subsequent prosecution;

 

(2)
if the person refuses to submit to the taking of the specimen, the person=s
license to operate a motor vehicle will be automatically suspended, whether or
not the person is subsequently prosecuted as a result of the arrest, for:

 

(A)
not less than 90 days . . .

 

Act effective
Sept. 1, 1995, 74th Leg., R.S., ch. 165, '
1, 1995 Tex. Gen. Laws 1821 (amended 1997) (current version at Tex. Transp. Code Ann. ' 724.015  (Vernon
Supp. 2002)).





[2]Section
522.103 of the transportation code provides:

 

A
peace officer requesting a person to submit a specimen . . . shall warn the
person that a refusal to submit a specimen will result in the person=s
being immediately placed out of service for 24 hours and being disqualified
from driving a commercial motor vehicle for at least one year under section
522.081.

 

Act
effective Sept. 1, 1995, 74th Leg., R.S., ch. 165, '
1, 1995 Tex. Gen. Laws 1591 (amended 2001) (current version at Tex. Transp. Code Ann. ' 522.103(a) (Vernon Supp. 2002)).





[3]We
note that section 522.102 has recently been amended to clarify section
522.103.  See Tex. Transp. Code Ann. '
522.102(c) (Vernon Supp. 2002).  It is now clear that section 522.103 only
applies to a person who is stopped or detained while driving a commercial motor
vehicle.  See id.; Tex. Dep=t
of Pub. Safety v. Jackson, No. 14-01-00539-CV, 2002
Tex. App. LEXIS 1808, at *7 (Houston [14th Dist.] March 7, 2002, no pet.).  





[4]Section
522.081 provides that a person is disqualified for driving a commercial motor
vehicle for one year on first conviction of Arefusing
to submit to a test to determine the person=s
alcohol concentration . . . while driving a commercial motor vehicle.@  See Act effective Sept. 1, 1995, 74th
Leg., R.S., ch. 165, ' 1, 1995 Tex.
Gen. Laws 1589 (amended 2001) (current version at Tex. Transp. Code Ann. ' 522.081(b)(5)
(Vernon Supp. 2002)) (emphasis added).





[5]Because
of our disposition of DPS=s first issue,
we need not address its second and third issues.  See Tex.
R. App. P. 47.1.





[6]In
accordance with rule 38.1(h) of the Texas Rules of Civil Procedure, we will
only consider the assertions that are supported by clear and concise arguments
with appropriate citations to authorities. 
Tex. R. App. P. 38.1(h).  Thus, we will not address Struve=s
first two assertions in this cross-point.





[7]Struve
makes an additional assertion that the report should have been excluded because
the exact location of the incident was not included in the report.  However, we will not address this assertion
because it is not supported by clear and concise arguments, nor with
appropriate citations to authorities.  See
Tex. R. App. P. 38.1(h).





[8]Texas
Rule of Evidence 803(8) provides the following as an exception to the hearsay
rule:

 

Records,
reports, statements, or data compilations, in any form, of public offices or
agencies setting forth:

 

(A)
the activities of the office or agency;

 

(B)
matters observed pursuant to duty imposed by law as to which matters there was
a duty to report . . . ;

 

(C)
in civil as to any party and in criminal cases as against the state, factual
findings resulting from an investigation made pursuant to authority granted by
law;

 

unless
the sources of information or other circumstances indicate lack of trustworthiness.  

 

Tex. R. Evid. 803(8).





[9]The
rules of procedure for administrative license suspension hearings provide:

 

[a]n
officer=s sworn report
of relevant information shall be admissible as a public record.  However, the defendant shall have the right
to subpoena the officer in accordance with '
159.17 of this title (relating to Request for Subpoenas).  If the defendant timely subpoenas the officer
and the officer does not appear at the scheduled hearing, the affidavit shall
not be admissible. 

 

Tex. Admin. Code ' 159.23(c)(7) (1999).