In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-06-014 CR


____________________



LISA ANN BORDELON, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the County Court of Jefferson County at Law Number 3


Jefferson County, Texas


Trial Cause No. 242881






MEMORANDUM OPINION


 A jury convicted appellant, Lisa Ann Bordelon, of the misdemeanor offense of
Driving While Intoxicated ("DWI"). See Tex. Pen. Code Ann. § 49.04 (Vernon 2003). The
trial court sentenced Bordelon to confinement in the Jefferson County Jail for a period of
ninety days and assessed a fine of $600. Appellant's incarceration was suspended by the trial
court and she was placed on community supervision for one year. Her appeal raises one
issue: "The Trial Court erred when it permitted the arresting officer to render an opinion as
to the validity of the horizontal gaze nystagmus test after the officer testified he held the
stimulus 6 to 8 inches from the eye." We will affirm the judgment.

 Bordelon does not complain of the lack of legally or factually sufficient evidence to
sustain her conviction. Nor does she cite any lack of legal justification for the stop of her
vehicle or for her subsequent arrest for DWI. Her lone issue focuses on the propriety of
allowing the arresting officer to testify about administering the horizontal gaze nystagmus
("HGN") test to her after his testimony purportedly indicated he failed to follow the
scientifically standardized testing technique. 

 The record indicates that Bordelon's vehicle was stopped because the arresting officer
witnessed several instances of unsafe driving. When the arresting officer, Deputy Victor
Stines of the Jefferson County Sheriff's Office, made contact with the driver of the vehicle,
later identified as Bordelon, he detected a strong odor of an alcoholic beverage on her breath. 
He also observed that her eyes were bloodshot, her speech was slurred, and she was
somewhat unsteady on her feet. Deputy Stines asked Bordelon to perform several
standardized field sobriety tests, including the HGN test. While administering the HGN test
to Bordelon, Deputy Stines found six out of six clues of impairment. Bordelon also
performed poorly on the one-legged stand and the walk-and-turn tests. Based upon his
observation of her poor driving performance, as well as the results of the field sobriety tests
and the odor of an alcoholic beverage on her breath, Deputy Stines arrested Bordelon for
DWI. 

 In support of her complaint, Bordelon directs our attention to a portion of Stines'
testimony describing the field sobriety tests he requested appellant perform at the scene of
the stop. That portion of the record appears as follows:

 Q.[State's Attorney] Okay. What did you then do next?


 A.[Deputy Stines] At that point I - - at that point I instructed Ms. Bordelon
that the next thing I was going to do was start giving her some field sobriety
tasks because I had smelled the odor of an alcoholic beverage on her breath
and the first task that I performed was the horizontal gaze nystagmus.


 Q. Okay. Now, are you certified in the field sobriety tests?


 A. Yes, sir, I am.


 Q. And how long have you been certified?


 A. I was certified in the field sobriety back in - - I believe it was either '94 or
'95.


 Q. Okay. How many times have you performed the field sobriety tests? Few
or many?


 A. Many.


 Q. Okay.


 A. Very - - a lot.


 Q. And what are - - what are the field sobriety tests or tasks?


 A. The things that we do out on the street is [sic] we do the horizontal gaze
nystagmus, the one-legged stand, and the walk and turn.


 Q. Okay. Now, is this considered a test?


 A. No, sir, it is not a test. It is just an observation that we use for us to
determine the possibility of intoxication.


 Q. So, is it a pass/fail thing?


 A. No, sir, it is not a pass/fail.


 Q. So, it is basically a tool?


 A. Yes, sir, it is a tool that we use.


 Q. Okay. And you said you performed the H.G.N. or horizontal gaze
nystagmus test first; is that correct?


 A. Yes, sir. That is the first task that I performed.


 Q. Can you - - can you tell the jury what that test consists of?


 A. Basically what we do at that point is we take a stimulus such as - - 


 Q. I'm sorry. Let me correct myself. It's a task. I said test.


 A. Yeah. We take a stimulus such as a pen; and of course, it's dark outside. 
It was around 11:30 at night, hold it about 6 to 8 inches from the eyes. I take
my flashlight so that I can see the eyes without shining it in the eyes and what
I am doing is first one I come across here and here I am looking for smooth
pursuit and then the second time I take the eyes and I am looking for
nystagmus, which is the shaking of the eyes, at maximum deviation which is
where the color - - you go pretty far over and then you hold it steady. Once
you get it there, you're looking for shaking of the eyes. You come back and
you're doing both eyes and then the third set is doing nystagmus at
approximately 45 degrees where I take it and bring it to here and hold it and
I am looking at the shaking or what's called the nystagmus at approximately
45 degrees and on Ms. Bordelon I got six out of the six clues that I was
looking for. 


 [Trial Counsel]: Your Honor, we are going to object to the officer
testifying any more to the horizontal gaze nystagmus test. By his own
testimony on direct there he has stated that you hold the stimulus or stylus 6 to
8 inches when, if I might be allowed to take him on voir dire and cross-examination with the handbooks, the standardized field sobriety test be
administered - - the stimulus should be held 12 to 15 inches from the face and
any deviation of this invalidates the test.


 THE COURT: Mr. [Trial Counsel], state your objection, please.


 [Trial Counsel]: He has testified on direct that he performed the test
incorrectly and, therefore, any testimony as to the validation of the test is
inadmissible.


 THE COURT: Overruled.


We note that Bordelon's objection to Stines' HGN testimony was not based on a lack of
qualifications or certification by Stines, nor did Bordelon complain that the State had not
properly tendered Stines as a certified practitioner to administer the HGN test. 

 The Court of Criminal Appeals addressed the HGN test in Emerson v. State, 880
S.W.2d 759 (Tex. Crim. App. 1994). Relying on its prior opinion in Kelly v. State, the Court
reiterated that to be considered reliable, evidence based on a scientific theory must satisfy
three criteria: (1) the underlying scientific theory must be valid; (2) the technique applying
the theory must be valid; and (3) the technique must have been applied properly on the
occasion in question. Emerson, 880 S.W.2d at 763 (citing Kelly v. State, 824 S.W.2d 568,
573 (Tex. Crim. App. 1992)). The Emerson Court held that the HGN test has its basis in
scientific theory and is, therefore, subject to a Kelly analysis for reliability. Id. 880 S.W.2d
at 763-64. The Emerson Court took judicial notice, based essentially on scientific literature
concerning the effects of alcohol on human eye movement, that the technique employed in
the HGN test, and the theory behind the test, are reliable for purposes of Tex. R. Evid. 702. 
See id. 880 S.W.2d at 768-69. Therefore, the resulting opinion based upon the administration
of HGN testing may, under specific circumstances, be admitted at trial. Based upon
Emerson, as well as upon accepted rules of evidentiary admissibility, these circumstances
include the following: 

 1. The testifying officer must qualify as an expert regarding the test's
administration and technique, which may be satisfied if it is shown that the
officer "has received practitioner certification by the State of Texas to
administer the HGN." See Emerson, 880 S.W.2d at 769.


 2. The officer must have administered the test properly. Id. at 769.


 3. The HGN results and interpretive opinion must not be inadmissible for
some other reason, such as "danger of unfair prejudice, confusion of the issues,
undue delay, misleading the jury, or presentation of cumulative evidence." Id.
at 763; Tex. R. Evid. 403. 


Bordelon's lone appellate issue complains of circumstance "2." 

 We review a trial court's ruling to admit or exclude evidence under an abuse of
discretion standard. Weatherred v. State, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000);
Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh'g). Absent
a clear abuse of discretion, a trial court's decision to admit or exclude expert testimony will
not be disturbed. Wyatt v. State, 23 S.W.3d 18, 27 (Tex. Crim. App. 2000). An abuse of
discretion exists when the trial court's decision was so clearly wrong as to lie outside the
zone of reasonable disagreement. Weatherred, 15 S.W.3d at 542; Montgomery, 810 S.W.2d
at 391. Lastly, we review the trial court's ruling in light of what was before the trial court
at the time it made the ruling. Weatherred, 15 S.W.3d at 542. 

 In its brief, the State contends that Bordelon has forfeited appellate examination of
the issue as her objection at trial was untimely and failed to request a hearing out of the jury's
presence in support of her complaint under Tex. R. Evid. 702. Although not a model of
clarity, we find trial counsel's objection was to the State's alleged failure to show the HGN
test was properly administered by Deputy Stines as required under Kelly and Emerson.
Furthermore, the objection was made as soon as the ground for objection became apparent
to trial counsel. See Barnett v. State, 189 S.W.3d, 272, 278 n.15 (Tex. Crim. App. 2006)
(quoting Lagrone v. State, 942 S.W.2d 602, 618 (Tex. Crim. App. 1997)). Error was
preserved for review. 

 Prevailing procedurally, however, avails appellant nothing further. Even when a
timely and specific objection has been made, error may not be predicated upon a ruling which
admits or excludes evidence unless a substantial right of the party is affected. See Tex. R.
Evid. 103(a); Tex. R. App. P. 44.2(b) ("Any . . . error . . . that does not affect substantial
rights must be disregarded."). See Ladd v. State, 3 S.W.3d 547, 568 (Tex. Crim. App. 1999);
King v. State, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997). Furthermore, an issue raising
error in the admission or exclusion of evidence under Rule 103(a) is subject to the same
standard of review as one under Tex. R. App. P. 44.2(b). See Potier v. State, 68 S.W.3d 657,
666 (Tex. Crim. App. 2002). "A substantial right is affected when the error had a substantial
and injurious effect or influence in determining the jury's verdict." King, 953 S.W.2d at
271(citing Kotteakos v. U.S., 328 U.S. 750, 776, 66 S.Ct. 1239, 90 L.Ed.2d 1557 (1946)); see
also Williams v. State, 191 S.W.3d 242, 256 (Tex. App.--Austin 2006, no pet.). Reversal is
not appropriate if, after examining the record as a whole, we have fair assurance that the error
did not influence the jury, or influenced the jury only slightly. See Schutz v. State, 63 S.W.3d
442, 444 (Tex. Crim. App. 2001) (citing among others, Johnson v. State, 967 S.W.2d 410,
417 (Tex. Crim. App. 1998)). 

 Slight variations in the administration of the HGN task do not render opinion evidence
of the results inadmissible or unreliable, but may affect the weight to be given the evidence
by the factfinder. See Plouff v. State, 192 S.W.3d 213, 219 (Tex. App.--Houston [14th Dist.]
2006, no pet.); McRae v. State, 152 S.W.3d 739, 743 (Tex. App.--Houston [1st Dist.] 2004,
pet. ref'd); Compton v. State, 120 S.W.3d 375, 378-79 (Tex. App.--Texarkana 2003, pet.
ref'd). As noted above, prior to appellant's objection, the State had established Deputy
Stines' qualifications in administering field sobriety tests. Without objection from appellant,
Stines testified he had been certified to administer field sobriety tests for approximately ten
years, and that he had administered "many" such tests. 

 On cross-examination, Stines agreed that the standardized field sobriety test
procedures established by United States Department of Transportation "Highway and Traffic
Safety Administration manual" indicate the stimulus is to be positioned "approximately 12
to 15 inches from the suspect's nose and slightly above eye level." However, appellant
introduced no further evidence in support of his argument that holding the pen six to eight
inches from appellant's eyes while conducting the HGN test invalidates the test, thereby
making any opinion evidence as to the results inadmissible. No manual was introduced nor
was there a request for the trial court to take judicial notice of the provisions of any such
manual. Furthermore, at no time did Deputy Stines testify that, based on the HGN test he
administered, appellant was intoxicated. Indeed, Stines corrected a question from the State
attempting to elicit such an admission, viz: 

 Q.[State's Attorney] And you stated you saw all six clues or three clues in
each eye; is that correct?


 A.[Stines] Yes, that is correct; the lack of smooth pursuit, being able to follow
the stimulus, the nystagmus or the jerking of the eyes at maximum deviation
and also at approximately 45 degrees.


 [Appellant's request for running objection sustained and second objection
overruled.]


 . . . .


 Q. Based on your observations, did you feel that she was intoxicated?


 A. First off, they're not tests. They're tasks. They're just things that we
perform, and that is not the sole criteria we go on. It's just one of the things
we use as clues to determine what we feel a person to be intoxicated at.


 Q. So, it's some evidence of intoxication?


 A. It's some. It's a part of a whole, yes, sir. 


 The record contains other properly-admitted non-HGN evidence indicating Bordelon
was operating her vehicle during a time when she had lost "the normal use of [her] mental
or physical faculties by reason of the introduction of alcohol . . . into [her] body[.]" See Tex.
Pen. Code Ann. § 49.01(2)(A) (Vernon 2003). This included Deputy Stines' description of
Bordelon's attempts to comply with the standardized field sobriety tests (one-legged stand
and walk-and-turn tests), the description of Bordelon's unsafe operation of her vehicle prior
to being stopped, Bordelon's admission to having consumed alcoholic beverages that
evening, her appearance on the videotape taken at the scene of the arrest and at the police
station, and her refusal to take a breath test when requested by Deputy Stines. (1) Moreover,
as previously mentioned, the fact that Stines may have deviated from the standardized HGN
testing procedure goes only to the weight given, if any, by the jury to Stines' opinion that the
HGN test further evidenced Bordelon's alcohol impairment. See Plouff, 192 S.W.3d at 219;
McRae, 152 S.W.3d at 743; Compton, 120 S.W.3d at 378-79. From the record before us, we
cannot say the trial court abused its discretion in admitting Deputy Stines' HGN testimony,
as the ruling was certainly well within the zone of reasonable disagreement. See Oprean v.
State, 201 S.W.3d 724, 726 (Tex. Crim. App. 2006). 

 But, even if we assume arguendo that Stines' HGN testimony was improperly
admitted, our examination of the record in its entirety leads us to conclude that the alleged
error did not affect any substantial right of Bordelon. Because of the presence of other
evidence of Bordelon's intoxication properly presented to the jury, "we believe it quite
unlikely that the admission of the [testimony] in question had a substantial effect on the
jury's verdict." Ladd, 3 S.W.3d at 568; see also King, 953 S.W.2d at 271; Franco v. State,
82 S.W.3d 425, 428 (Tex. App.--Austin 2002, pet. ref'd). We overrule Bordelon's single
appellate issue and affirm the trial court's judgment of conviction. 

 AFFIRMED.

 __________________________________

 CHARLES KREGER

 Justice


Submitted on September 6, 2006

Opinion Delivered January 17, 2007

Do not publish


Before McKeithen, C.J., Gaultney and Kreger, JJ.
1. See Finley v. State, 809 S.W.2d 909, 913 (Tex. App.--Houston [14th Dist.] 1991,
pet. ref'd) (holding that a jury may consider refusal to give breath sample as evidence of
person's guilt).